## Collett *vs* Jones and Hall.

ERROR TO THE WAYNE CIRCUIT.

*Mortgages.   Exempted property.   Pleas and pleading.*

JUDGE MARSHALL delivered the Opinion of the Court.

REPLEVIN.

*Case* 7.

*September* 15.

THE 36th section of the general execution law of 1828, *Stat. Law*, 653, subjects to execution the interest of a mortgagor in such property only as would have been subject to execution if he had not mortgaged it; and therefore the property of a debtor which, by the 13th section of the same statute, is declared to be exempt from execution, does not, in consequence of being mortgaged by him, become subject to execution against him, nor does his equity of redemption become subject. The voluntary subjection of such exempt property as a security for one debt by way of mortgage, is not a renunciation of the privilege of exemption, beyond the regular operation and effect of the mortgage itself.

The fact alleged in the plea, that the mare, for the taking and conversion of which this action of trespass was brought by Collett, had been mortgaged by him, before the levy and sale under execution, set forth in the plea, did not affect the plaintiff's right of action for taking the mare from his possession and converting her to the defendants use, if she was his only work beast, and he was a *bona fide* house-keeper, with a family, and did not claim the exemption of any tools as a mechanic. And as the replication to the plea stated these last mentioned facts, it was clearly sufficient to maintain the plaintiff's action and to avoid the effect of the execution, levy, and sale set up in the plea, and the Court erred in sustaining the demurrer to it, and giving judgment thereon for the defendants. The declaration states that the mare was

Property of a debtor, which by the 36th section of the execution law of 1828, *Stat. Law*, 653, is exempted from execution does not, by being mortgaged by debtor, render it, or def'ts equity of redemption therein, liable to levy & sale.—And the allegation, (in a plea in an action of trespass for taking property which was exempt,) alleging the fact that it had been mortgaged, is immaterial.

' Griffith
      vs
   Dicken.
taken from the plaintiff's possession, and the mortgage was wholly immaterial.

The judgment is therefore reversed and the cause remanded with directions to overrule the demurrer to the plaintiff's replication to the defendants second plea, and for further proceedings conformable to this opinion.

*L. Hord* for plaintiff.

---

Ejectment.

Case 8.

October 13.

The case stated.