COLLETT
vs
JONES & HALL.

---

CHANCERY.

## Collett *vs* Jones and Hall.

*Case* 143.

ERROR TO THE WAYNE CIRCUIT.

*Executions.    Exempted property.    Insolvents.*

*September* 28.

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

A creditor of an insolvent debtor in violation of the statute, sold his only work beast, the debtor sued and recovered a verdict for the value of the work beast in damages. The creditor filed his bill to injoin the damages recovered for the tresspass and illegal sale of the horse. Held that it could not be done.

JONES having recovered a judgment against Collett for $75, with interest and costs, caused his execution to be levied on a horse, the only work beast of the debtor, who was a house keeper with a family, and the horse having been sold whereby the execution was satisfied and so returned, Collett brought an action of trespass against Jones and Hall, who as Sheriff, had made the levy and sale. In that action a verdict was rendered for the plaintiff for $80 in damages, and this bill filed by Jones and Hall, (to the latter of whom Jones had executed a bond of indemnity, and had also assigned one half of his claim on Collett,) enjoins further proceedings on the verdict, and prays to set off the claim upon Collett against his verdict, on the alledged ground of his entire insolvency. This ground having been fully made out in proof, the Court on hearing the cause, perpetuated the injunction against further proceedings on the verdict, and decreed in favor of the complainants a balance of $27 80 found by calculating the interest on the debt of Collett to Jones, up to the rendition of the decree.

If the perpetuation of the injunction was proper, it was certainly inequitable to decree interest upon Collett's debt to Jones for any part of the time accruing after that

debt was fully satisfied, and it was also erroneous to over-
look the costs of Collett in the action of trespass, and in
effect to prevent him from obtaining a judgment therefor.
But the principal question in the case is, whether as the
statute expressly exempts from execution the only work
beast of a debtor, who is a *bona fide* house-keeper with a
family, the decree securing to the creditor who has viola-
ted this exemption, the full fruits of his illegal act, is not
itself an infringement of the statute, and does not by the
principle of immunity which it establishes for its viola-
tion, virtually repeal it. Such, we think, is its obvious
effect, and therefore, it cannot be sustained.

To the argument that the statute exempted the horse
and not a judgment for his value or for taking him, and
that it would be inequitable to allow an insolvent debtor
to draw from his creditor the only means of satisfying the
debt, *it is a sufficient reply, that but for the illegal act of*
the complainants, the subject to which the privilege of
exemption attached, would have been unchanged, and
they should derive no advantage from their own wrong,
and that highly as the right of the creditor is regarded, it
is by the paramount authority of the Legislature express-
ly postponed to the right of the debtor and his family to
the services of an only work beast, and cannot, therefore,
be preferred by a Court of equity, which would violate
its own principles by protecting the creditor in an advan-
tage wrongfully obtained against the superior, and as we
may assume, prior equity of the debtor.

Whether other creditors may or may not be entitled in
equity to subject to their demands the judgment of Collett
for the violation of his right in taking this horse, is im-
material to the argument in the present case. So far as
they are concerned, it might not be essential to the pre-
servation of the authority of the statute to extend its pro-
tection to a judgment against another for the violation of
a privilege which they have respected, and at any rate they
can, with a clear conscience, rely upon the difference be-
tween the damages for taking the horse and the horse
itself, as the conversion would not have been the conse-
quence of their own unlawful act.

COLLETT
*vs*
JONES & HALL.

A Court of equi-
ty will not pro-
tect a party in
the enjoyment of
that which he
has obtained by
a violation of
law, and thereby
enable him to
benefit by his
own wrong.

Can a judgment
creditor attach
in equity a judg-
ment in favor of
his debtor for the
seizure and sale
of property ex-
empted from ex-
ecution?—QUE.

The argument that as the statute secures the right in the specific thing, it should only be understood as protecting the remedy for the recovery of that specific thing, and not the remedy for general damages, is more specious than solid. The debtor might not be able to give the security required for obtaining possession of the property in the action of replevin, or the property might be eloigned before he could do so; and he might, in that action or in detinue, have nothing at last but his judgment for damages. Some of the articles which are exempted by the statute, might be consumed before they could be reached by any remedy, and the only redress would be in a judgment for damages. But in truth the statute neither provides nor prefers any particular remedy for its violation. In exempting certain articles or species of property from execution, it prohibits a seizure of them by the creditor, and expecting obedience, it leaves the consequences of disobedience to be determined by the general principles of the law. Of these principles, one of the most important is that the mandate of a statute shall be enforced, and its authority maintained, by discountenancing every violation of its letter or spirit, and especially by withholding the aid of the law from giving effect to any such violation, and in many cases, by affording a positive remedy for the redress of the injured party, and to deprive the wrong doer of the fruits of his wrongful act. If a judgment creditor, seizing and appropriating the privileged property for the satisfaction of his debt, in violation of the statute, is entitled to a decree setting off the damages recovered for the seizure, against his debt, his illegal act is in effect sanctioned and legalized, the authority of the statute in the particular instance is prostrated, and a way opened for its successful violation in every case. Upon this principle the creditor would be absolutely secure in the appropriation of the privileged property to his debt, if he could succeed in placing it beyond the reach of a specific remedy. The statute imposes no peculiar duty or burthen on the debtor, and no restriction of his right or remedy, but gives unconditional exemption to certain property. And it is the province of the Courts to give to it such effect as not to allow, and much

less to encourage either a violation or evasion of its provisions.

The complainants were, therefore, not entitled to any part of the relief which was granted by the decree. But as it is obvious that if they are to be deprived of the satisfaction received upon their judgment by the enforcement of the judgment against them, they should be allowed to coerce their judgment if it can be done, and to that end should be relieved from the effect of the return upon the execution evidencing a satisfaction of their demand; we are of opinion that unless upon a rule made in this case, the defendant, Collett, shall consent in the common law side of the Court, to an order setting aside the return on the execution, and authorizing further writ or writs of execution for enforcing the judgment against him, he should be enjoined from proceeding upon his verdict, except to obtain a judgment thereon, (which should never have been prevented by injunction,) and to enforce so much of such judgment as may exceed the amount of principal, interest and costs due on the judgment against him at the time of obtaining his judgment, and upon his compliance with the rule, the injunction should be dissolved the bill dismissed with costs.

Wherefore, the decree is reversed and the cause remanded for further proceedings and decree as above indicated.

*James* for plaintiff; *Harlan & Craddock* for defendants.