May Term, 1858.

SLAUGHTER
v.
DETINEY.

———•◦•———

SLAUGHTER and Another *v.* DETINEY.

*Semble*, that a man cannot mortgage land to one of his creditors, who is willing to give him time—his wife not joining in the mortgage—and let his other creditors sell his other property to pay their claims, and then select the mortgaged property as exempt from execution, as against the mortgagee, when he shall seek to foreclose, as well as against the other creditors; nor can the right to select a portion out of many articles of property, render any article actually exempt till the selection has been made.

Where an execution-defendant claims land as exempt from execution, and selects a freeholder as an appraiser, and such freeholder is not a householder, the sheriff must choose an appraiser for him.

Where land mortgaged to secure a debt was, after being claimed as exempt from execution, sold under a decree of foreclosure, and the mortgagee brought suit to recover possession,—*held*, that the execution-defendant, in his answer, need not negative that the mortgage was given to secure the payment of purchase-money; but that the plaintiff must set this up in his reply.

A paragraph of an answer purporting to answer the whole complaint, but really answering but a part of it, is bad.

APPEAL from the *Harrison* Circuit Court.

PERKINS, J.—Suit for the recovery of sixty acres of land alleged to be in the possession of the defendant, *Detiney*.

Monday, May 24.

Answer, 1. Denying generally the complaint; and, 2. Alleging that on, &c., the defendant, *Detiney*, and one *Lawrence*, were the joint and equal owners of said sixty acres; that, being so, they mortgaged them to *Terry & Co.*, to secure a debt contracted after the 4th of *July*, 1852; that the wife of *Lawrence* joined in the mortgage, while the wife of *Detiney* did not; that subsequently, *Terry & Co.* foreclosed the mortgage, obtained a decree for the sale of the mortgaged premises, the wife of *Detiney* not being a party thereto, and that the lands were sold under the decree, the

May Term, 1858.

SLAUGHTER
v.
DETINEY.

plaintiffs in this suit becoming the purchasers; that before the sale, defendant, *Detiney*, claimed the land as exempt from execution, demanded its appraisement, and selected a freeholder on his part to aid in making it, &c. The defendant alleges that the plaintiffs purchased with notice, that his wife is still living, and that he was and is a resident householder, &c.

A demurrer was overruled to this paragraph of the answer, and final judgment was rendered for the defendant.

It is provided in 2 R. S. p. 337, that any resident householder may select from his real and personal property 300 dollars' worth which shall be exempt from execution.

The third section of the act is as follows:

" No mortgage or sale of any real estate, exempted under the provisions of this act, shall be valid if executed by a married man, unless the deed be acknowledged by the wife in due form of law."

The second paragraph of the answer above set out, was drawn with reference to this section; but the appellant contends that the section does not apply to the case. He insists that it relates only to property that has been claimed and allowed as exempt from execution before it is mortgaged; that the mortgage, to be rendered void, must be executed upon property then actually exempt. There is certainly much strength in the position taken. By the statute, a debtor has a right to select, out of all his property, particular pieces to the value of 300 dollars, leaving the balance to be sold to pay debts. *Austin* v. *Swank*, 9 Ind. R. 109. And it is easy to see, that if a man, his wife not joining, may mortgage to one creditor, who may be willing to give him time, a piece of land, and let his other creditors sell his remaining property to pay their claims, he selecting the mortgaged property as exempt from sale on execution, both against his other creditors, and also against the mortgagee when he shall seek to foreclose, great injustice and hardship may be occasioned. It would seem to be invalidating by a subsequent act, what was before valid. Nor, it would seem, can the mere right to select a portion, out of many articles of property, as exempt, render any

article actually exempt till the selection has been made. <span>May Term, 1858.</span>
But we regard this point as of too much importance to be
settled till after it has been fully discussed; and we have <span>SLAUGHTER v. DETINEY.</span>
seen no brief upon it from the appellee.   We shall there-
fore leave it wholly undetermined, as the case must go back
upon another point (1).

It is further objected that the paragraph is bad because
it alleges the selection of a freeholder as an appraiser, when
the statute requires a householder.   It is true that a free-
holder may not be a householder, and hence, not a legal
appraiser; but the statute further provides that if the exe-
cution-defendant fails to select an appraiser, as provided by
statute, the sheriff shall select for him.   This he should
have done.   It is also insisted that the paragraph is bad
because it does not negative that the mortgage was given
to secure purchase-money of the mortgaged lands, &c.

But as this exception, if it be such, in the statute, is con-
tained in a subsequent, independent section, to that relied
on in the answer, we think it need not be negatived therein,
but should be set up by way of reply.   See *Sorden* v. *Gate-
wood*, 1 Ind. R. 107.

Another objection to the paragraph of the answer under
consideration is, that it purports to answer the whole, and
actually answers but a part, of the complaint.   This is a
valid objection.   The suit is against the defendant to re-
cover the entire sixty acres of which he is in possession.
The paragraph is pleaded as an answer to the whole cause
of action.   It sets up, in fact, no bar to one half of that
cause, even if valid (which we do not decide) as to that.
The defendant alleges a title to but an undivided half of
the land.   *Beagles* v. *Sefton*, 7 Ind. R. 496.—2 R. S. p.
167, § 600.

*Per Curiam.*—The judgment is reversed with costs.
Cause remanded for further proceedings, with leave to
amend.

*W. T. Otto* and *W. Q. Gresham*, for the appellants.

*R. Crawford*, for the appellee.

(1)  See *Vandibur* v. *Love, ante*, 54.