ALBERT TRYON *vs.* JOHN G. MANSIR.

If a debtor owns one cow, not subject to a mortgage, and is in possession of another, which is mortgaged, the former is exempt from seizure on execution.

TORT against a deputy sheriff for the conversion of a cow seized by him on an execution against the plaintiff.

At the trial in the superior court, it appeared that at the time of the seizure the plaintiff was in possession of two cows, one of which was subject to a mortgage, and the other was taken on the execution by the defendant. It was in dispute whether the mortgage had been legally foreclosed or not, but that question became immaterial. *Ames,* J. instructed the jury that the mortgage had not legally been foreclosed, and that the defendant's acts were justified. The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*J. Tucker,* for the plaintiff.

*S. B. Sumner,* for the defendant.

BIGELOW, C. J. By Rev. Sts. *c.* 97, § 22, one cow, the property of a debtor, is exempt from execution. Giving to this provision such a construction as will make it operate beneficially to debtors, and secure to them the full advantage of the exemption contemplated by the legislature, we are of opinion that it must be held to mean, that a debtor has a right to the sole, exclusive and absolute ownership of one cow, which his creditors cannot seize and apply in satisfaction of their debts. In other words, it is not a mere partial interest or right of redemption only in the animal which is intended by the statute to be secured to the debtor and his family. The case at bar affords an illustration of the inequality in the operation of the statute to which a different interpretation would lead. The plaintiff was in possession of two cows, one of which was subject to a mortgage. If his creditor could lawfully seize on execution the one which was subject to no lien or incumbrance, it is obvious that the plaintiff would be left in a worse condition than a debtor who was the

absolute owner of only one cow. The former would be permitted to hold exempted from seizure nothing but a right of redemption in a cow, while the latter could retain to his own use the entire beneficial interest in the animal. Nor is this the only result which might follow. The exemption would be ineffectual and useless to the debtor, in case the amount of the debt secured by the mortgage was equal to the value of the cow. Without determining therefore whether, on the facts proved, the mortgage given by the plaintiff had been foreclosed, we are of opinion that the officer, under the circumstances of this case, had no right to seize on execution the cow which was not subject to the mortgage. This construction works no hardship on the creditor. He is deprived of no right. The interest of his debtor in the animal which is conveyed in mortgage is not placed beyond the reach of process. He can either attach the animal and pay to the mortgagee the debt, if duly demanded; or he can summon the mortgagee as trustee of the debtor; and by either mode he can apply in satisfaction of his debt all the right and title which is left in the mortgagor. The result then is exactly that which the legislature intended to accomplish. The debtor is allowed to retain to his own use only that which the law allows him, namely, the exclusive ownership of one cow, and the creditor is enabled to seize and apply all that the debtor has in the property which is not exempted from attachment and execution.

We add, by way of caution, that we do not mean to say that, if a debtor had only a right of redemption or partial interest in one or many cows, he would have no right to claim the benefit of the exemption of the statute. In such case, the law would probably protect his right or interest in one cow from attachment or seizure. *Exceptions sustained.*