## VIRGIL S. JONES v. DANIEL SCOTT.

1. PLEDGE OF EXEMPT PROPERTY, *as Security.* Any person may, if he chooses, pledge his personal property as collateral security for the payment of a debt, and make it liable for the payment of such debt, notwithstanding such property would otherwise be exempt by law from seizure or sale on execution, attachment, or any other legal process.

2. LIEN OF PLEDGEE, *not lost by Action.* After personal property has been pledged as collateral security for the payment of a debt, and the debt has become due, the creditor may sue the debtor and recover a judgment against him for the amount of the debt without destroying or in the least affecting his lien on the property pledged.

3. SALE OF PLEDGED PROPERTY. Where personal property, otherwise exempt from execution, has been pledged as collateral security for the payment of a debt, and judgment has been rendered on the debt, an execution may be issued and the property seized and sold thereon as in other cases.

*Error from Crawford District Court.*

REPLEVIN, brought by *Scott* to recover possession of a lot of law and miscellaneous books, which he claimed as constituting a part of his law and family library, and as exempt from sale upon execution. *Jones* answered that he was an acting constable, etc., and that as such constable he had taken said books by virtue of a writ of execution duly issued to him upon a judgment in favor of one F. B. Andrews and against said *Scott*, and that in 1870 *Scott* had deposited and left with and in the possession of said Andrews the said books as security for the payment of the debt for which said judgment had been given; that said Andrews, by means of said deposit and pledge, had acquired a lien upon said books; that said lien had not been lost or discharged, and that he had levied upon said property by direction of Andrews. The case was tried at the April Term 1871. The district court gave the following instructions:

"If you shall find from the evidence the plaintiff to have been a lawyer by profession, and the head of a family, and a resident of this county and state, then the property in controversy would be by law exempt from ordinary execution,

and the plaintiff is entitled to recover unless his right to recover is defeated by matter pleaded and proved by the defendant. * * * If you shall find from the evidence that the books were pledged by Scott to Andrews as security for the debt aforesaid, then you are instructed that when the said debt became or was due, if it remained unpaid, the pledgee (Andrews) had · a right either to sell the same at private sale (after giving reasonable notice of the time and place of such sale,) or to file his bill upon the equity side of the court, and obtain a decree directing a judicial sale of said pledged property for the payment of the debt secured by the pledge. It would be competent for the pledgee (Andrews) to dispose of the property in either of these ways. If the pledgee did not resort to either of the methods for disposing of his pledge he had a right to retain the possession of the property subject to the pledgor's right to redeem; but if he attempted to dispose of the pledge *in any other manner*, without the permission of the pledgor, such attempted disposition of the property was unlawful; and if you shall find from the evidence that Andrews turned out the goods to the defendant in this action, to be by said defendant subjected to an ordinary execution, issued upon a judgment at law, and that the defendant did levy said execution upon said property, such act on the part of Andrews was a violation of the contract of pledge, and worked a forfeiture of the pledgee's right to the property under the contract of pledge; and if the goods were levied upon by the defendant at the instance of Andrews, such acts were unauthorized, and the plaintiff had the right to demand the restitution of the possession of the property to him."

The jury found for the plaintiff. New trial refused, and judgment upon the verdict. *Jones* excepted, and now brings the case here on error.

*John T. Voss*, for plaintiff in error:

The books were legally and actually in possession of Andrews under a contract, of pledge. Jones levied upon said books in the possession of Andrews, and advertised said property for sale according to law; and while said goods so remained in the possession of the pledgee, and while they were so advertised by Jones, as constable, said Scott seeks to recover the pledged goods of Jones, claiming that the said Andrews had

waived his rights as a pledgee to said goods by reducing his claim to a judgment, and that thereby defendant, inasmuch as the goods were exempt, was at once entitled to the possession of the goods. Plaintiff in error claims that such is not the law. "As the property pledged is merely collateral security for the payment of a claim, and not a liquidation of it, the pledgee may sue at law for the recovery of his demand, without prejudice to his lien." 3 Pars. on Contr., 272. See also, 11 Iowa, 410, 412; 3 Ohio St., 270; 5 Sneed, (Tenn.) 716.

The opinion of the court was delivered by

VALENTINE, J.: The property in controversy in this case was not exempt from the execution which was levied upon it. The defendant in error (plaintiff below) pledged said property to B. F. Andrews, a creditor of his, as collateral security for the payment of a debt. He placed it in the possession of Andrews, and there it remained until it was siezed by the officer, under said excution, which was issued on a judgment rendered on the debt for which said property was pledged. After the property was so seized the defendant in error commenced this action (replevin) to recover said property from the officer, who is now the plaintiff in error, claiming that said property was exempt from execution. Now while it may be admitted that said property was exempt from execution in general, still we do not think that it can be legally maintained that it was exempt from the execution which was levied upon it. Any person may if he chooses pledge his personal property as collateral security for the payment of a debt, and make it liable for the payment of such debt, notwithstanding such property would otherwise be exempt by law from seizure or sale on execution, attachment, or any other legal process. The law exempting personal property from sale on legal process was not intended to prevent the owner thereof from seling the same, or mortgaging or pledging it as security for debts.

But it may be claimed that Andrews, the creditor, lost his lien on the property by suing on the debt and by recovering

a judgment thereon. We do not think he did. After personal property has been pledged, as it was in this case, as collateral security for the payment of a debt, and the debt has become due, the creditor may sue the debtor and recover a judgment against him for the amount of the debt without destroying or in the least affecting his lien on the property pledged. (See authorities cited in counsel's brief, and Edwards on Bailments, 271, 272, and cases there cited.) It is true that the extinguishment of a debt, if really extinguished, will destroy all liens existing on property pledged for its payment. It is also true that the original debt for which this property was pledged may be said in one sense to have been extinguished by being merged in the judgment, a higher security. It is true that the original debt was so extinguished by having a judgment rendered thereon that another action could not be maintained on the original debt. But this is the only way in which it was extinguished. The debt in fact still remains, in a new form, but evidenced by a higher security, and the property pledged for its payment still remains liable therefor. The debt in fact remains until it is satisfied. In the case of *Butler v. Miller*, 1 N. Y., 500, the Court of Appeals of New York (Johnson, J., delivering the opinion of the court,) say: "The rule that security of a higher nature extinguishes inferior securities will be found only to apply to the state or condition of the debt itself, and means no more than this, that when an account is settled by a note, a note changed to a bond, or a judgment taken upon either, the debt, as to its original or inferior condition, is extinguished or swallowed up in the highest security; and that all memorandums or securities by which such inferior condition was evidenced lose their vitality. It has never been applied, and I think never should be, to the extinguishment of distinct collateral securities, whether superior or inferior in degree. These are to be canceled by satisfaction of the debt, or voluntary surrender alone."

We suppose no valid objection can be raised as to the manner of selling the property if sold on execution. It seems to

be conceded that the creditor could have given notice and sold the property himself without judgment or execution. Then if the judgment does not destroy the lien, what valid objection can there be to having an execution issued, and having an officer of the law give notice and sell according to law? Must greater care be taken in the sale of this property than the law prescribes for the sale on execution of all personal property? We think not. The judgment of the court below must be reversed.

The agreed statement of facts brought to this court seems to be an agreed statement of facts made for this court, under the rules for making a case for the supreme court, and not on agreed statement of facts upon which the case was submitted in the court below. In fact, the case does not seem to have been submitted at all on an agreed statement of facts in the court below. The "facts agreed to," mentioned in § 559 of the civil code, which authorize the supreme court to direct the district court "to render such judgment in the premises as it should have rendered on the *facts agreed to*," are such facts as are agreed to in the district court, and not such as may be agreed to in the supreme court. For this reason we cannot order that judgment shall be rendered for the defendant below, but must order that a new trial be granted. Judgment reversed and new trial ordered.

All the Justices concurring.