### JOHN BAYNE v. NELSON PATTERSON.

*Sheriff's levy on mortgaged chattels—Appraisal—Exemptions.*

*A* sheriff in levying on personalty has no right to exclude the owner from his premises and then select and set aside the property exempt by law from execution.

*An* attorney conducting attachment proceedings should not act as appraiser under an execution in force at the same time against the same defendant.

*An* execution defendant is entitled to the full statutory amount of exempted property if he owns it; a selection for him of property that is mortgaged for more than its appraised value, defrauds him, and under the law no selection can be made of any specific portion of it so as to bind the mortgagee.

A levy on mortgaged property is only a levy on the right of redemption.

Error to Muskegon.    Submitted April 15.    Decided April 24.

REPLEVIN.    Plaintiff brings error.

*F. W. Cook* for plaintiff in error.

*Smith, Nims & Erwin* for defendant in error.

CAMPBELL, C. J.    Patterson levied on the furniture and contents of a saloon owned by Bayne, including the liquors and other stock.    He made his seizure at night on the 8th of April, 1878, and turned Bayne out of possession.    The next morning he appointed two appraisers, one of whom was attorney for the plaintiff in an attach-

ment proceeding under which a levy was made at once after the execution levy and previous to the appraisement. These appraisers made an inventory, and the sheriff, in the absence of Bayne, and before he had served process under the attachment on him, set apart certain tables and other furniture as exempt and carried away the remainder, which Bayne replevied. The property set apart as exempt was subject to a recorded mortgage of five hundred dollars, although only appraised at a little over $250.

The sheriff had no right in making a levy on personalty to turn Bayne away from his own premises, and having done so, we think could not treat him as having lost his rights through absence during the next morning. The sheriff kept the key and thus kept exclusive possession of the realty until after he had finished his exemption selections. In all this he acted unlawfully.

It was also unlawful to select the attorney for the plaintiff in the attachment suit as an appraiser. And we think the selection for defendant of property covered by a mortgage to more than its appraised value was a fraud on the defendant. He was entitled to the full statutory amount of exempted property if he owned it. The levy on mortgaged property was in law only a levy on the right of redemption and no selection could under the law be made of any specific portion of it so as to bind the mortgagee.

The articles selected do not seem to have been such as were adapted to enable Bayne to conduct his usual business.

The case presents some very unpleasant features. We think the judgment must be reversed with costs and a new trial granted.

The other Justices concurred.