Johnson v. Hall.

AFFIRMED.

---

JOHNSON *et al., Appellants,* v. HALL.

**Attachment: JUDGMENT: SET-OFF: EXEMPTIONS.** Where an attachment is dissolved, but plaintiff obtains judgment against defendant upon trial on the merits, and defendant obtains judgment against the sureties on the attachment bond for its breach, it is error to refuse to allow plaintiff's judgment, which has been assigned to his sureties, to be set-off against defendants, upon the ground that defendant is insolvent, and his judgment, with all his other property, is exempt from execution.

*Appeal from Audrain Circuit Court.*—HON. G. PORTER, Judge.

---

*This syllabus is taken from 13 Mo. App. 295.

REVERSED.

*M. Y. Duncan* for appellants.

The court clearly erred in allowing respondent's claim for exemption, first, because the law does not allow such claim to be set up, except in the case of an execution in the hands of a constable or sheriff, or on an attachment. Section 2343, Revised Statutes, says : "The following property when owned by the head of a family shall be exempt from attachment and execution." And section 2346 declares "that each head of a family at his election, in lieu of the property mentioned in the first and second sub-divisions of section 2343, may select and hold exempt from *execution* any other property, real, personal, or mixed," etc. The 2347th section makes it the duty of the officer into whose hands any execution may come, before he shall levy the same, to apprise the person against whom such execution has issued of the property exempt under sections 2343 and 2346, and his right to hold the same as exempt from *attachment* and *execution*. In this case there was neither an execution nor an attachment, but the claim was simply to set-off by the appellants under the direction of the court their judgment for rent against respondent's judgment for damages against them as the bondsmen of Carter, their assignor, who was also insolvent. Section 3875, page 660, provides for setting off judgments. The assignment of the judgment by Carter to Johnson and Dowell, the appellants, vested all the rights of Carter in said judgment in Johnson and Dowell, and the court should have made the order setting off one judgment against the other. *Fulkerson v. Davenport,* 70 Mo. 541 ; *Field v. Oliver,* 43 Mo. 200.

*Forrist & Fry* for respondent.

If appellants had issued an execution against respondent, upon their judgment, it is conceded respondent

would have been entitled to his exemption against it. Respondent's judgment was personal property, and why not as much exempt as if the officer undertook to levy on it by execution? This question has been directly decided. *Curlee v. Thomas*, 74 N. C. 54; Thompson on Homesteads and Exemptions, sec. 892; R. S. of Mo., secs. 2343 and 2346. ·

DeArmond, C.—It seems that one Carter brought a suit by attachment against Hall, the respondent herein, for rent. That on plea in abatement the issue was found in favor of Hall, and the attached property released; and that judgment was thereafter rendered by the Audrain circuit court in favor of Carter on a trial on the merits. That subsequently, Hall sued appellants, Johnson and Dowell, in the same court, as sureties on Carter's attachment bond, to recover damages for the breach thereof; that Carter was not a party to that proceeding, which ended in Hall recovering judgment against Johnson and Dowell for his damages. That Carter had execution issued on his judgment, and property of Hall seized, but it had been afterwards released as exempt from execution. That Hall had no property subject to execution, but all his property for a number of years had been such only as he might hold exempt from execution. That Carter, also, is insolvent. That after Hall recovered judgment against appellants, Carter assigned to them, to protect them as his sureties, the judgment he had previously obtained against Hall. Appellants filed their motion asking the court to set-off against Hall's judgment the judgment assigned to them by Carter. The parties appeared before the court and the court, upon a hearing, refused to set-off one judgment against the other, and the parties having the assigned judgment, appeal to this court.

It is argued by appellants that no question of exemption arises on the application to set-off one judgment against the other; that such question can only arise when

an attachment or execution is to be levied. Respondent insists that as he might hold his judgment against appellants as exempt, that, therefore, such judgment is not subject to any set-off, especially if founded on a judgment assigned for such use, as in this case.

That a party has no property subject to execution, and when all his property is exempt such is his condition, has been for ages considered a cogent reason for allowing a set-off against his demand or judgment. *Field v. Oliver*, 43 Mo. 200; *Fulkerson v. Davenport*, 70 Mo. 541. When A in attachment or on execution seizes and sells property of B, exempt from such seizure and sale, and B sues and recovers judgment for his damages from such wrongful taking and selling, it is decided by some courts that A cannot set-off his judgment against B's. *Collett v. Jones*, 7 B. Mon. 586; *Beckman v. Manlove*, 18 Cal. 388. Elsewhere it has been held that while B might follow and recover the property itself, yet when he sues and recovers judgment for the taking and selling, his judgment is on the same footing as other judgments. *Temple v. Scott*, 3 Minn. 419. The former doctrine is, I think, the more reasonable and more nearly in harmony with the policy and spirit of our exemption laws. Under the contrary rule A might get judgment against B, seize and sell B's horse, though exempt, and obtain, say, partial satisfaction of the judgment from the proceeds of such sale. And if B should then recover a judgment for damages for the seizing and selling of his horse, A might set-off the remnant of his judgment against it. Thus B would lose his horse, although under the law he had the right to hold him exempt from attachment and execution; and A, by a violation of the law, would collect a portion of his judgment against an insolvent debtor. B's judgment ought to take the place of B's horse.

It appears, though not clearly, that Hall was not deprived of the property seized in attachment. He recovered damages, it would seem, not for the property itself, but for the wrongful taking of it. In such case his

judgment would not necessarily be beyond the reach of a set-off. The motion and agreed statement of facts are meager and unsatisfactory, but from the record and the abstract and brief of counsel, I understand that the set-off was denied because respondent's judgment might, with all his other property, be held by him, exempt from execution. This was error, for which the judgment ought to be reversed and the cause remanded. All concur.