Rice v. Nolan.

## J. H. RICE, et al., v. CARROLL NOLAN.

1. STOCK IN TRADE—*Exemption Right*. A merchant tailor who is the head of a family and a resident of the state, is entitled to an exemption of such portion of his stock in trade as he may select, up to the statutory limit of value, and this right is absolute and does not depend upon any claim or selection to be made by him.

2. ———— *Right, Not Waived*. The mere failure of the debtor to claim his exemption until the morning preceding a sale made by an officer upon an order of attachment, does not operate as a waiver of such right.

3. MORTGAGE—*Exemption—Selection*. Where the stock in trade of a debtor, some of which is exempt, is mortgaged, he cannot be compelled to accept as his exemption that which is subject to the mortgage, at its full value, but he is entitled to an exemption of his own selection, free of all liability for debt, up to the full value of $400.

4. ATTACHED PROPERTY, *Debtor Not Estopped from Claiming*. Where the exempt property of the defendant has been levied on by attachment, and a few days before the sale thereof the defendant makes an assignment for the benefit of his creditors with no reservation of the exempt property so levied on, but no other or further proceedings are taken under such assignment, and where the plaintiffs do not claim the property thereunder, and are not influenced or prejudiced thereby, the defendant is not estopped as against such plaintiffs from thereafter claiming the attached property as exempt from sale under such attachment process.

### Error from Franklin District Court.

THE opinion states the nature of the action, and the material facts. Trial at the September Term, 1883, and judgment for plaintiff *Nolan*, and against defendants *Rice* and *A. and J. Trounstine & Co.*, for $246.70 and costs. Defendants bring the case to this court.

*C. B. Mason*, for plaintiffs in error.

*H. C. Mechem*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action brought by Carroll Nolan, the defendant in error, in the district court of Franklin county, against the plaintiffs in error, to recover the value of a

certain stock in trade, alleged to have been exempt, which was seized and sold by J. H. Rice, as constable, upon an order of attachment issued by a justice of the peace in an action brought by A. and J. Trounstine & Co.

It appears from the findings made by the court below, that Carroll Nolan was engaged in business at Ottawa, Kansas, as a merchant tailor, and that on February 15, 1883, he had on hand as stock in trade, cloths and trimmings suitable to be used in that business, of the value of $783. This stock was mortgaged for $410. He was also indebted to A. and J. Trounstine & Co. in the sum of $139.70, and on February 15, 1883, they brought suit before a justice of the peace to recover that amount, and caused an order of attachment to issue, which was placed in the hands of J. H. Rice, who levied upon all of Nolan's stock. Afterward a judgment was obtained in that action, and on March 19, 1883, the constable sold all of the stock levied on except a small portion valued at $126.21, which was returned to Nolan. Out of the proceeds of the sale there was paid the judgment thus obtained and costs, and also the sum of $410, due upon the mortgages which existed against the stock. No objection was made by Nolan to the payment of the chattel mortgages. Before the sale, and on the morning of the same day, Nolan claimed the benefit of the exemption allowed him by law, and asked the privilege of selecting such portion of the stock as he desired to retain up to the amount of $400; but the constable, acting under the orders of A. and J. Trounstine & Co., refused to set off any of the stock as exempt, or to recognize the claim in any way. It further appears that on February 16, 1883, Nolan made and filed an assignment for the benefit of creditors, wherein he made no exception or reservation of the stock levied on; but no other or further proceedings were had or taken under this assignment.

Upon these facts, the court below found that Nolan was entitled to the right of exemption which he claimed, and that none of the facts above recited operated as a waiver of that right, and gave judgment accordingly.

Among other provisions relating to exemptions, it is enacted that—

"Every person residing in this state, and being the head of a family, shall have exempt from seizure and sale upon attachment, execution or other process issued from any court in this state, the following articles of personal property:  .  .  . *Eighth*, The necessary tools and implements of any mechanic, miner or other person, used and kept for the purpose of carrying on his trade .or business, and in addition thereto, stock in trade not exceeding four hundred dollars in value."

It is not controverted in this case that the defendant in error was the head of a family, and originally entitled to an exemption of the tools and implements used in his business, as well as stock in trade, up to the statutory limit of value. The only question presented for our determination is whether the right of exemption claimed by defendant in error had been waived.

It is first contended by counsel for plaintiffs in error, that the failure of the debtor to claim the exemption, and make a selection of the property exempt when the levy was made, operates as a waiver of the exemption, and estops him from thereafter claiming the same. The right of exemption conferred upon the debtor by the statute quoted, is not a conditional one; it does not depend for its existence upon the will or discretion of the officer, nor upon the request or demand of the debtor, but is absolutely given to him by the statute. It is true, he may waive the right. This court has held that a tenant in a written lease may waive the benefit of the exemption law upon a debt contracted for rent, (*Hoisington v. Huff*, 24 Kas. 379;) and the debtor may also sell his personal property, which is exempt from execution, (*Arthur v. Wallace*, 8 Kas. 269;) and he may pledge personal property as collateral security, notwithstanding . it would be otherwise exempt, (*Jones v. Scott*, 10 Kas. 33.) And doubtless if he should turn over exempt personal property to the officer, and permit him to sell the same in satisfaction of an attachment or execution, it would operate as a waiver, and he would thereafter be precluded from claiming the property as exempt, or from recov-

ering its value in a proceeding brought against such officer. But until the right of exemption is waived or lost by some unequivocal act or declaration of the debtor, it remains with him, and any of his property which is included within the terms of the statute, is beyond the reach of the officer and his process.

We are referred by counsel to some decisions holding that it is the duty of the debtor to claim the exemption or to make the selection where a selection is necessary at the time of the levy, and failing to do so, the right is forfeited and lost. These rulings are based upon the peculiar terms of the statutes of the states where the decisions were made. Under our statutes relating to exemptions, and the liberal construction which has been given to them, the view contended for is too narrow. We think that unless the debtor has before that time unequivocally waived the exemption, he may make the claim and selection at any time before the sale, and he may assert the right even after the sale, where his acts and declarations before and at the time of the sale do not estop him.

The general rule and the weight of authority we think is, that the debtor may claim his exemption at any time before the day of sale. (*Jourdan v. Autrey*, 10 Ala. 226; *Daniels v. Hamilton*, 52 id. 108; *Fulkerson v. Emmerson*, 74 Mo. 607; Thompson on Exemptions, § 839, and cases there cited.)

Where the debtor has a greater number of animals or articles than are enumerated as exempt, or where he has property which exceeds in value the limit of the exemption, a selection should be made before the sale, but our law does not prescribe when, or by whom it shall be made. In view of the fact that the statute is enacted mainly for the benefit of the debtor and his family, it appears to us that the debtor should be accorded the privilege of making the selection, and at any time before the sale.

In Alabama it has been held that where the statute is silent, the defendant in the execution is entitled to the privilege of selection, if he claims it. (*Noland v. Wickham*, 9 Ala. 172; Thompson on Exemptions, § 843.) It is the duty of the of-

ficer, we think, when he is about to make a levy upon property, some of which is exempt, to notify the debtor so that he may make a selection; and where, by reason of his absence or other circumstances, he is precluded from selecting, it would then become the duty of the officer to set apart the exemption to which the debtor was entitled. (Thompson on Exemptions, § 839.)

In this case the record does not show that anything was said or done before the sale by the defendant in error indicating a purpose on his part to relinquish the right of exemption, nor does it appear that he was present at the time of the levy or had any knowledge that his goods had been seized by the constable until the morning of the day of sale, at which time he claimed his exemption, and insisted upon selecting such portion of the goods as he desired to retain. This claim of exemption, the constable, by the direction of the plaintiffs in the case, refused to recognize in any way. It has been held that where "the officer refuses to give the debtor any opportunity to make such selection, or denies his right to any exemption whatever, the actual selection is waived or excused, and the want of it will not be a waiver of the debtor's right." (*Wicker v. Comstock*, 52 Wis. 319.) We do not think we would be justified in holding that the delay of Nolan to claim the right of exemption and to demand the privilege of selection until the day of sale, is a waiver of the right and privilege demanded.

It is also contended by plaintiffs in error that the mortgages given by the defendant upon his stock amounted to more than the exemption to which he was entitled, and that as he made no objection to their payment out of the proceeds of the sale made by the officer, he must be held to have had the benefit of the exemption. This claim is not tenable. Such a ruling would in effect be a diminution of the benefit given by the statute to the debtor. If the exemption could be thus limited, and the lien upon the property should be nearly or quite equal to its value, the beneficent purpose of the legislature in giving the exemption would be defeated. Where he gives chattel mortgages upon exempt property, he only waives the

right of exemption to the extent of the mortgages given, and they do not affect his rights against any one except the mortgagees. Nolan was entitled to an exemption on his stock in trade, of his own selection, free and clear of all incumbrance or liability for debt, up to the full value of $400. (*Bayne v. Patterson,* 40 Mich. 658; *Tryon v. Mansir,* 84 Mass. 219; *Weis v. Levy,* 69 Ala. 211; Thompson on Exemptions, § 741.)

It is lastly claimed by the plaintiffs in error that the assignment for the benefit of his creditors, made and filed by the defendant on the 16th day of February, 1883, wherein he made no exception or reservation of his stock in trade, estopped him from claiming as exempt any portion of the stock seized. A sufficient answer to this claim is, that no action was taken or had under the assignment by or on behalf of the plaintiffs or anyone else. The plaintiffs did not claim the property in question under the assignment, but rather upon a seizure made a considerable time before the assignment was filed. It is not pretended that the action of the defendant in making the assignment in any way misled or influenced the action of the plaintiffs, and there can be no estoppel unless the defendant's action operated to the prejudice of the plaintiffs. (*Bramble v. Twilley,* 41 Md. 440; Thompson on Exemptions, §§ 822, 838.)

The judgment of the district court will be affirmed.

All the Justices concurring.