Conway *v.* Wilson.

---

## TUNIS P. CONWAY

*v.*

## BENJAMIN W. WILSON.

1. An answer cannot be stricken out, on motion, on the ground that it admits all the equity claimed in the bill.

2. No presumption arises in favor of the defendant that an execution is satisfied, from the fact that the plaintiff therein levied on sufficient chattels of the defendant to realize the amount of his claim, if it further appears that those chattels were afterwards surrendered to the defendant by plaintiff's direction.

3. A debtor may mortgage all his chattels to secure his creditor, and he cannot claim, upon the enforcement of the mortgage, the same exemption that a defendant in execution is entitled to under the statute.

---

On motion to strike out answer.

*Mr. J. W. Morgan* and *Mr. E. A. Armstrong,* for complainant.

*Mr. J. W. Wartman,* for defendant.

BIRD, V. C.

The motion to strike out goes to the whole answer, and in the language of the notice is because "(1), that said answer is not

responsive to the allegations of the bill of complaint, and does not set up any defence to said bill of complaint; (2), that said answer admits all the equity claimed in the bill."

The last reason given makes it most plain that the motion is too broad. Where the complainant expressly charges an equity, and calls upon the defendant to answer such charge, he cannot call upon the court to strike all the answer out because it, or any part of it, admits just what the complainant alleges. It would be most absurd to call upon the defendant to respond, and when he does, and admits the claim, to strike out all his admissions. I had been taught that this method of compelling a defendant to speak was one of the great objects and benefits of equity pleading. Therefore, I cannot say that the whole answer must be stricken out.

Strictly speaking, I might rest here, but as another point was fully discussed, I will look at it.

The answer sets up that the complainant had his claim secured by mortgage on goods and chattels, and that he proceeded at law and recovered judgment for the amount due on his claim, issued an execution, made a levy on the same and on goods other than those covered by the mortgage, and then, without selling or realizing anything therefrom, directed the sheriff to surrender all the

---

NOTE.—The owner of chattels, who has mortgaged them, cannot claim the benefit of the exemption law where goods are sold on execution, when such chattels are sold under foreclosure of his mortgage, *Patterson* v. *Taylor, 15 Fla. 336 ; Flanders* v. *Wells, 61 Ga. 195 ; Love* v. *Blair, 72 Ind. 281 ; Fejavery* v. *Broesch, 52 Iowa 88 ; Jones* v. *Scott, 10 Kan. 33 ; Moxley* v. *Ragan, 10 Bush 156 ; Frost* v. *Shaw, 3 Ohio St. 270 ; Cronan* v. *Honor, 10 Heisk. 533 ;* see *Haswell* v. *Parsons, 15 Cal. 266 ;* nor can his widow claim her exemption after his death, *Recker* v. *Kilgore, 62 Ind. 10 ;* although he may sue for a trespass to the chattels, *Collet* v. *Jones, 2 B. Mon. 19 ; Evans* v. *St. Paul Works, 63 Iowa 204.*

If he is entitled to one cow as exempt, and has two, one being mortgaged, he may claim the other, *Tryon* v. *Mansir, 2 Allen 219 ; Greenleaf* v. *Sanborn, 44 N. H. 16 ;* but not unless such mortgage is recorded, or the levying officer is notified of it, *McCoy* v. *Dail, 6 Baxt. 137.*

For the proper course to pursue where only part of the chattels mortgaged are exempt, see *Brainard* v. *Simmons, 67 Iowa 646 ; Rice* v. *Nolan, 33 Kan. 28.*

The mortgaging of chattels exempt from execution is not fraudulent as to creditors, *Patten* v. *Smith, 4 Conn. 450 ; Vaughan* v. *Thompson, 17 Ill. 78 ; Washburn* v. *Goodheart, 88 Ill. 229 ; Prout* v. *Vaughn, 52 Vt. 451 ;* see *Weis* v. *Levy,*

Conway v. Wilson.

goods so levied on to the defendant, and that the sheriff did so; and from these facts it is claimed that the complainant no longer has any claim. Supposing all this to be well pleaded, the argument is, that the complainant having once had a levy on goods enough to satisfy his demand, his demand is presumed to be satisfied. The defendant relies on *Freeman on Judgments* § *475;* and this is the general rule. *Hanness* v. *Bonnell, 3 Zab. 159; Carr* v. *Weld, 4 C. E. Gr. 319; Banta v̄. McClennan, 1 McCart. 120; Johnson* v. *Tuttle, 1 Stock. 365.* But this rule cannot be applied when the defendant himself has received the goods and retains them. *Hanness* v. *Bonnell, 3 Zab. 159.* He cannot have the consideration and the security both.

Another claim presented by the answer is the same exemption from the mortgage as that given by the statute, in case of execution, in favor of the debtor. This right in case of execution is purely statutory, and counsel admits that the legislature has not extended it to sales under foreclosure of chattel mortgages. There seems to be nothing in the law to prevent the debtor from giving, selling, assigning or mortgaging any or all of his goods and chattels; and, when the transaction involves an adequate consideration, it would not be upheld as equitable, if the court

---

*69 Ala. 209; Bayne* v. *Patterson, 40 Mich. 658; Currier* v. *Sutherland, 54 N. H. 475; Muhr* v. *Pinover, 66 Md. 480.*

Nor does such mortgage render the chattels covered thereby, or the equity of redemption in them, liable to levy and sale, *Jones* v. *Scott, 10 Kan. 33; Collet* v. *Jones, 2 B. Mon. 19; S. C., 7 B. Mon. 586; Buckley* v. *Elliott, 52· Mich. 1; State* v. *Carroll, 24 Mo. App. 358; McGivney* v. *Childs, 41 Hun 607.*

Nor can the mortgagor of lands claim the exemption out of the mortgaged premises, where they are levied on under a judgment on the bond accompanying the mortgage, *McAuley's Appeal, 35 Pa. St. 209;* see *Twaddell* v. *Rodgers, 14 Phila. 163; Lavillebeuvre* v. *Frederic, 20 La. Ann. 374;* or sold under a prior judgment against the mortgagor, *Gangwere's Appeal, 36 Pa. St. 466;* and the same rule applies to a homestead exemption in mortgaged lands, *Peterson* v. *Hornblower, 33 Cal. 266; Slaughter* v. *Detiney, 10 Ind. 103, 13 Ind. 49;· Gaines* v. *Casey, 10 Bush 92; Swan* v. *Stephens, 99 Mass. 7; Chamberlain* v. *Lyell, 3 Mich. 448;* see *Ray* v. *Adams, 45 Ala. 163; Samnoner* v. *King (Ark.), 5 S. W. Rep. 327;* and to a mechanic's lien, *Lauck's Appeal, 24 Pa. St. 426.*

The claimant may obtain relief in equity, *Zelnicker* v. *Brigham, 74 Ala. 598;· Collet* v. *Jones, 7 B. Mon. 586; Gaster* v. *Hardie, 75 N. C. 460; Mynatt* v. *Magill, 3 Lea 72; Wilson* v. *Joseph, 107 Ind. 490.*—Rep.

were to deprive the creditor of the very security for which he gave his money. This branch of the motion is to strike out the whole answer, which is not granted.

The complainant is not entitled to costs.