### J. H. RICHARDS v. S. F. HAYDEN.
#### No. 362.*

LIMITATION OF ACTION—*Acknowledgment of Debt.* In order that a written "acknowledgment of an existing liability, debt or claim" may operate to suspend the running of the statute of limitations, such acknowledgment must itself be unqualified and direct, and not dependent for its meaning on some other writing or on a possible construction of its own language.

Error from Bourbon district court; J. S. WEST, judge. Opinion filed July 21, 1899. Affirmed.

*Petition for order to certify denied by supreme court September 5, 1899.—REP.

*C. E. Benton*, for plaintiff in error.

*W. R. Biddle*, for defendant in error.

The opinion of the court was delivered by

MILTON, J. :   After a full consideration of the record and briefs in this case, we are of the opinion that the only question requiring decision by us is whether the statute of limitations barred plaintiff's right of recovery on the note executed and delivered to him by the defendant.   The action was brought more than five years after the maturity of the note.   To avoid the bar of the statute, the plaintiff pleaded that the defendant had made a written acknowledgment of the debt, and in support of such plea introduced a letter, which the defendant admitted he had written in response to a letter from the plaintiff demanding payment of the note in controversy.   The letter is as follows :

"FORT SCOTT, June 4, 1890.

"*J. H. Richards, Esq., General Attorney, Fort Scott, Kan.:*

"DEAR FRIEND—Yours of 5–31 received, and in reply will say, I am very sorry I have not the money. I have a note due on my home since last October of $500, and I have been unable to pay the interest, let alone the principal; also mortgage due in El Dorado, July 1, of $435.   Do not see how I am going to meet them, but will have to do the best I can.

"Hoping you are improving fast and to see you out in a short time, I am, yours truly,

S. F. HAYDEN.

"P. S.—Will let you hear from me in a short time as to what I can do."

Was the foregoing letter a sufficient "acknowledgment of an existing liability, debt or claim" to toll the statute of limitations?   The question is not free from difficulty.   In an effort to answer it properly we

52—8 KAN. APP.

have examined many cases, and as a result it seems that the only precedents of any value are to be found in the decisions of our supreme court. In *Hanson v. Towle, Adm'r*, 19 Kan. 273, the court said :

"A mere reference to the indebtedness, although consistent with its existing validity, and implying no disposition to question its binding obligation, or a suggestion of some action in reference to it, is not such an 'acknowledgment' as is contemplated by the statute. This must be an unqualified and direct admission of a present subsisting debt on which the party is liable, and which he is willing to pay."

The words, "and which he is willing to pay," were expressly repudiated in the case of *Elder v. Dyer*, 26 Kan. 604, 611 ; but in the latter case Justice Brewer, in his explanatory concurring opinion, refers to the foregoing case as follows : "All that was in the thought of the court at that time was to make emphatic the idea that an acknowledgment was an unequivocal admission of a present subsisting liability."

In *Gragg v. Barnes*, 32 Kan. 310, 4 Pac. 276, the court said :

"In the case of *Hanson v. Towle, Adm'r*, 19 Kan. 273, it was held that, to prevent the running of the statute of limitations upon an indebtedness, there must be an unqualified and direct admission of a present subsisting debt on which the party is liable. This part of the opinion has never been changed or modified and is the law of the state to-day."

We have reached the conclusion that the letter written by the defendant does not contain an unqualified and direct admission of a present subsisting debt on which he is liable, and that we are not authorized to add anything to the language the defendant has employed. We hold that, to toll the statute, a written acknowledgment must itself be unqualified

Richards v. Hayden.

and direct, and not dependent for its meaning on some other writing or on a possible construction of its language.

As to the contention that plaintiff and defendant were partners or joint owners of the corporate stock for which the note was given, it is sufficient to say that the contention is not within the issues as pleaded, and is not supported by the facts proved. It is also inconsistent with another contention of the plaintiff, namely, that it was agreed between the parties that the stock should be held by the plaintiff as collateral security for the payment of the note, and should be delivered to the defendant only upon payment thereof. With reference to the last-named contention, it may be said, that if the stock was retained as collateral security for the payment of the note, it did not affect the running of the statute against the note, since the plaintiff could have sued thereon at any time during the five years next after maturity thereof without first tendering the collateral stock to the defendant. (*James v. Hamilton*, 2 Hun [N. Y.], 630; *Jones v. Scott*, 10 Kan. 33.)

The judgment of the district court will be affirmed.