## McCOMB *et al.* v. WATT.

No. 2851.    Opinion Filed September 23, 1913.

(135 Pac. 361.)

1. **ATTACHMENT — Motion to Discharge.** The defendant in an attachment proceeding may, at any time before judgment, upon reasonable notice to plaintiff, move to discharge the attachment, as to the whole or part of the property attached.

2. **SAME.** The proceeding to discharge an attachment by motion is a proper practice.

3. **JURY—Right to Jury Trial—Motion to Discharge Attachment.** The issue thus presented is triable to the court, and the parties are not entitled to a jury.

4. **ATTACHMENT—Motion to Discharge—Scope of Inquiry.** In this case the issue to be determined was whether or not the attachment had been levied on exempt property, and this question had to be determined from the evidence in support of, or opposed to, the motion, and the court, upon hearing of the motion, was not required to inquire into the merits of the action.

(Syllabus by Robertson, C.)

*Error form County Court, Grant County;*
*J. W. Bird, Judge.*

Action by James McComb and another, partners as McComb Bros., against E. A. Watt. Judgment for defendant on motion to discharge attachment, and plaintiffs bring error. Affirmed.

*Sam P. Ridings* and *C. S. Ingersoll,* for plaintiffs in error.

*J. B. Drennan,* for defendant in error.

Opinion by ROBERTSON, C. McComb Bros., partners, as plaintiffs, began an action against E. A. Watt, in the county court of Grant county, to recover a money judgment on an account stated; at the same time they filed an affidavit and bond in attachment; an order in attachment was issued by the court and served by the sheriff, who took possession thereunder of defendant's stock of harness, goods, and fixtures, including one large harness sewing machine of the value of $180. On June 6, 1911, defendant filed his motion to discharge the attachment as to the harness sewing machine, on the ground that the same was exempt property, being a tool or apparatus used by him in his trade. On June 12th thereafter plaintiffs filed their objections to the motion to discharge, claiming therein that the motion to discharge raised no issue triable on a motion to discharge. The court overruled their objections, and proceeded to and did hear the motion to discharge the exempt property, and on consideration of the premises sustained the same and ordered the machine returned to the defendant. The plaintiffs, feeling aggrieved, took time to make and serve a case-made for the Supreme Court and now ask that said order and judgment be reviewed and reversed. They assign as error:

"First, that the question as to whether property is exempt cannot be tried in a summary proceeding, as a motion to dissolve an attachment; second, if the question as to whether property is exempt can be tried in a summary proceeding, it should be done by motion to release exempt property, and not by motion to discharge."

The affidavit and motion to discharge contain the following language to wit:

414 SUPREME COURT OF OKLAHOMA.

McComb et al. v. Watt.

"That said defendant is a harness maker by trade, and needs said machine in the pursuit of his business, and he is a single person and over 21 years of age, a citizen of Oklahoma, and as such is entitled to said machine under and by virtue of the exemption laws of the state of Oklahoma, the same being a part of his tools and apparatus."

This affidavit and motion was denied by plaintiffs under oath, and the question of whether or not the sewing machine was exempt, and therefore not liable to attachment, was the issue tried by the court.

Section 4862, Rev. Laws 1910, which was in force at the time this matter was tried, reads as follows:

"The defendant may, at any time before judgment, upon reasonable notice to the plaintiff, move to discharge an attachment, as to the whole or part of the property attached."

It has been held that this proceeding by motion to discharge an attachment is a proper practice (*Carnahan v. Gustine,* 2 Okla. 299, 37 Pac. 594), and that the issue thus presented is triable to the court, and that the parties are not entitled to a jury. *Cassady v. Morris,* 19 Okla. 203, 91 Pac. 888; *Bash v. Howald,* 27 Okla. 462, 112 Pac. 1125. In this case the issue to be determined was whether or not the attachment had been levied on exempt property, and this had to be determined from the evidence in support of, or opposed to, the motion, and the court upon the hearing of the motion was not required to inquire into the merits of the action. 4 Cyc. 795; *Doggett v. Bell,* 32 Kan. 298, 4 Pac. 292; *Bundrem v. Denn,* 25 Kan. 430; *Rullman v. Hulse,* 33 Kan. 672, 7 Pac. 210.

In this case the issue presented by the motion and objections thereto was whether or not the sewing machine, a part of the attached property, was exempt under the laws of the state. The evidence by consent of the parties was presented by affidavits. The court under the evidence could not have found otherwise than for the defendant.

Plaintiffs claim that the defendant had mortgaged the sewing machine, and that he would therefore be estopped from claiming it as exempt property. It is no excuse for an attach-

ment of exempt property that the debtor has mortgaged the same. Thus in *Rice v. Nolan,* 33 Kan. 28, 5 Pac. 437, it is said:

"It is also contended by plaintiffs in error that the mortgages given by the defendant upon his stock amounted to more than the exemption to which he was entitled, and that as he made no objection to their payment out of the proceeds of the sale made by the officer, he must be held to have had the benefit of the exemption. This claim is not tenable. Such a ruling would, in effect, be a diminution of the benefit given by the statute to the debtor. If the exemption could be thus limited, and the lien upon the property should be nearly or quite equal to its value, the beneficent purpose of the Legislature in giving the exemption would be defeated. Where he gives chattel mortgages upon exempt property, he only waives the right of exemption to the extent of the mortgages given, and they do not affect his rights against any one except the mortgagees. Nolan was entitled to an exemption on his stock in trade, of his own selection, free and clear of all incumbrance or liability for debt, up to the full value of $400. *Bayne v. Patterson,* 40 Mich. 658; *Tyron v. Mansir,* 84 Mass. (2 Allen) 219; *Weis v. Levy,* 69 Ala. 211; Thomp. Homest. & Ex. 741."

Indeed had the defendant by any other means called the court's attention to the fact that exempt property had been attached, it would have been the duty of the court to adjudge the same discharged.

As to the second contention of plaintiffs, that, even though the motion to discharge the attachment be tried and disposed of in a summary manner, yet it should be done by a motion to release attached property, and not by a motion to discharge, we are compelled to say that the distinction, if any there be, is of form rather than substance. Besides, the statute, *supra,* gives defendant the right to have this property, *or any part thereof, discharged* at any time before judgment. This, in our opinion, is sufficient answer to the second assignment of error.

The judgment should be affirmed.

By the court: It is so ordered.