Reyburn v. Brackett and Bassett.

WILLIAM S. REYBURN v. BRACKETT AND BASSETT.

*Error from Douglas County.*

Where the grounds of an attachment are a fraudulent disposition of the property of defendants with intent to defraud their creditors, and the plaintiff in particular, which ground is stated in the affidavit of the applicant in positive terms, *held* that an order of the Court below vacating it, was error.

The ground of an attachment, may be stated in the affidavit, in the language of the Statute, without specifying more particularly the facts intended to be alleged. The stating of facts and circumstances upon which the alleged ground of attachment is founded, *held* surplusage.

Where an attachment is granted on an affidavit in which the grounds mentioned in Section 199 of the Code are positively stated, it is a ministerial and not a judicial act and was properly authorized in Section 200 of the Code, to be done by the Clerk of the District Courts, without conflicting with Section 27 of the Organic Act.

Such a construction ought to be given to a law if it will reasonably admit of it, as will not suffer it to be defeated.

The facts of the case are stated in the opinion of the Court.

The case was submitted on briefs.

*O. B. Holman,* for plaintiff in error.

1st. An affidavit for an order of attachment under Section 200 of the Code, in which the grounds of attachment are positively stated, need not state the facts and circumstances upon which the alleged grounds of attachment are founded. And if stated they will be deemed surplussage. *Code, Sec. 156, p. 103 ; Sec. 185, p. 108 ; Sec. 200, p. 111 ; New York Code, p. 278, note 9 ; 13 Howard, 348 ; Elmere's Opinion in S. C. ; S. C. Ohio.*

2d. The granting of an order of attachment by a Clerk under Sec. 200, upon an affidavit in which the grounds of attachment are positively stated, is a *ministerial act* and not

a judicial act, and not in conflict with the 27th Section of the Organic Act.

3d. The granting of an order of attachment by a Clerk under Sec. 200, on an affidavit in which the grounds of attachment are stated on belief or on information and belief, and followed by a statement of facts and circumstances tending to show the truth of such averments, imposes on such Clerk the performance of a judicial act and which would be void.

4th. To give to Sec. 200 the construction set forth in the first and second points herein made, it would be organic. But to give it the reverse construction would bring it within the third point here made, and be to indirectly declare it to be unorganic, and to wipe from the Statute books a well devised remedy, given by the Legislature to creditors, to punish the frauds of these debtors, and to aid them in the collection of their claims.

"Before the Court will deem it their duty to declare an Act of the Legislature unconstitutional, a case must be presented in which there can be no rational doubt." 1 *Cowen* 550.

"Such a construction ought to be given to a law if it will reasonably admit of it, as will not suffer it to be defeated." 15 *Johnson*, 358.

The defendants having demurred to the plaintiff's petition upon the overruling of the demurrer of the plaintiff, moved the Court for judgment, which motion was refused, and leave given by order to the defendants without any showing of a meritorious defence, to answer instanter; and afterwards on the motion of the defendants the time to answer, was, by an order extended, both of which orders and also the order refusing the plaintiff a judgment, he asks this Court to reverse and vacate, and offers the following reasons:

The right of a defendant to answer upon the overruling of his demurrer, and the authority of the Court to grant such leave, depends upon two things:

1st.  That they did not demur for delay.

2d.  That they have a meritorious defence to the action.

Both of these propositions must be made to appear to the satisfaction of the Court before leave will be given to answer.  *Code, Sec.* 146, *p.* 102.

2d.  A demurrer that is clearly frivolous will be deemed to have been filed for delay.  *N. Y. Code, pp.* 307-308.

3d.  An "affidavit of merits," is not a sufficient showing of a meritorious defence.  The defence itself must be set out under oath in the answer that the Court may judge of its sufficiency.  *Nash, p.* 103; *Voorhees Code, p.* 309.

4th.  The grounds set forth for time to answer, were frivolous, and did not bring the defendants within the law. *Code Sec.* 114, *p.* 98; *Sec.* 369, *p.* 138.

5th.  Upon the reversal and vacation of the orders sought for, this court may render for the plaintiff a judgment for the amount of his debt and costs.  *Code, Sec.* 538, *p.* 171.

*O. A. Bassett* in person and *W. P. Gambell* for defendants in error.

This application for attachment, is upon affidavit based upon the eighth ground mentioned in the Statute.  *Code of* 1859, *Sec.* 199.

The affidavit is not sufficient in this, showing: 1st, The nature of the plaintiff's claim.  2nd, That it is just.  3rd, The amount, the affiant believes the plaintiff ought to recover.  *Code of* 1859, *Sec.* 200; *Nash,* 408.

The affidavit must be taken as an entirety.

The affidavit refers jointly to both of the defendants.

Therefore, if it is insufficient as to Bassett, it is bad as to Brackett, for uncertainty.

Certain facts are stated by the affiant as the basis of his opinion and belief.

The first and second facts relate to the individual acts of the defendant, Brackett.

The third fact stated, is not a ground for attachment, and is stated upon the belief of the affiant. *Campbell* v. *Hall & Co.*

The law authorizing attachments must be strictly construed, and all proceedings under it must be in strict conformity to the law. *Thatcher* v. *Powell*, 6, *Wheat.* 119.

The affidavit must contain *legal evidence. Drake on attachment, Secs.* 99-88; *Nash Pl. and Pr.* 409; *Code, Sec.* 343.

The testimony set forth in this affidavit is not legal evidence.

Oral testimony of the contents of written instruments cannot be given without laying the proper foundation, and cannot be received to inform a Court what is contained in a record.

The affidavit does not allege that the defendants or either of them are insolvent.

The Supreme Court will disregard the opinion of the District Court, and will not reverse a correct judgment, because the Court rendering it gave a bad reason for it. 4 *Ohio State Rep.*, 251; 14 *Ohio R.*, 37-507; 1 *Ohio State Rep.*, 253.

The Legislature cannot confer judicial authority upon a Clerk of the District Court. *Organic Act, Sec.* 27; *Const. of Ohio, Art.* 4, *Sec.* 1; *Const of New York, Art.* 6, *Sec.* 14; *Kansas Code* 1859, *Sec.* 200; *Seny's Ohio Code, Sec.; Howard's New York Code, Sec.* 223-229.

An attachment, is an ex-parte proceeding tried in a summary manner, hence the necessity of having the affidavit pass a judicial examination. *Drake on attachment, Sec.* 4.

The requirements of an affidavit by the Statutes of different States vary and may be divided into three classes. *Drake on attachment, Sec.* 97.

The word "*showing*" must be construed in the sense of proving, and the affidavit must make out a prima facie case. *Nash Pl. and Pr.*, 409; *Armand* v. *Bixcedon*, 1 *Code R. N. S.* 104; *Kelly* v. *Jackson*, 6 *Pet.* 622.

It is decided that in New York, the officer issuing the order of attachment, acts in a judicial capacity. *Drake on attachment, Sec.* 88 *; Nash Pl. and Pr.,* 407 *; Howard's New York Code, Sec.* 228 *; Genin* v. *Tompkins,* 12 *Bar.,* 265 *; Furman* v. *Walter,* 13, *How. Pr. Rep.* 348 *; Conklin* v. *Dutcher,* 5 *How. Pr. Rep.* 386 *; Morgan* v. *Avery,* 7 *Bar.* 656.

And those decisions prove conclusively that the act of issuing an order of attachment, under the 200th Section of the Kansas Code is a judicial act.

What is a judicial act? *Rhode Island* v. *Massachusetts,* 12 *Pet.* 657.

This Court is the judge of the constitutionality of every law enacted by the Legislature of Kansas Territory. *Sedgwick on Const. and State law.*

This Court must examine into the complete record and not take the case as presented by the plaintiff. *Bank of the United States* v. *Smith,* 11, *Wheat.* 171.

An order of attachment is void if issued without a sufficient undertaking. *Code of* 1859, *Sec.* 201.

The undertaking must be in double the amount of the plaintiff's claim. *Drake on attachment, Secs.* 140-141; *Code of* 1859, *Sec.* 201.

The bond must be filed and approved before the order of attachment issues. *Drake on attachment, Sec.* 121 *; Code of* 1859, *Secs.* 201-123.

Demurrer of the defendants filed Jan. 5th, 1860.

Defendants served notice upon the plaintiff for permission to inspect papers to prepare their defense, May 23d, 1860.

Demurrer overruled by the Court, May 24th, 1860, and leave given to the defendants to answer.

The error complained of, is that the Court refused to give the plaintiff a "judgment for want of an answer."

The motion for leave to answer was made to the sound discretion of the Court, and cannot be reviewed on error.

*Legg* v. *Drake*, 1 *Ohio State Rep.*, 286; *Sims* v. *Hundley*, 6 *How.* 1; *Code of* 1859, *Secs.* 146-148; *Graham & Co.* v. *David & Co.* 4 *Ohio State.*, 363-405; *Howard's N. Y. Code*, *Sec.* 172; *Nash*, 101; *Marine Ins. Co. of Alexandria* v. *Hodgson*, 6 *Cranch* 20.

The order is not such an order as in effect determines the action and prevents a judgment. *Code of* 1859, *Secs.* 114-524; *Ford* v. *Davis, et. al.*, 13 *How. Pr. R.* 193.

It is not necessary that the party applying for leave to answer, should accompany his application with an answer and an affidavit of merits.

The District Court did not err in refusing the counter affidavits of the plaintiff. *Code of* 1859, *Secs.* 114-148-346; *Wells* v. *Martin*, 1 *Ohio State. Rep.* 386.

The Court will make an application of that character an ex-parte proceeding. *Code of* 1859, *Sec.* 346.

The Court has the right in the exercise of its sound discretion to compel the adverse party to furnish copies of books and papers, in his possession to the party applying, and permit an inspection of the same whenever it may be necessary to assist the applicant, in making out his claim or defense. *Code of* 1859, *Secs.* 369-370; *Nash*, 100; *Howard's New York Code, Sec.* 388; *Howard's New York Code, p.* 697; *Supreme Court Rules, Nos.* 14-15-16-17: *Miller, et. al.* v. *Mather, et. al.*, 5 *How. Pr. R.* 160

The order is not such an one as can be reviewed on error to this Court. *Code of* 1859, *Sec.* 524.

*By the Court*, KINGMAN J.

This was an action brought by the plaintiff in error against the defendants in error in the District Court of Douglas County, to recover of the defendants in error the sum of $3,816 and interest thereon due on a promissory note given by defendants to the plaintiff.

The petition is in the usual form and at the time of the commencement of the action, the plaintiff obtained an or-

der of attachment from the Clerk of said Court against the property of the defendants.

The ground of the attachment was a fraudulent disposition of the property of the defendants, with intent to defraud their creditors and the plaintiff in particular, and is stated in the affidavit in positive terms, and also supported by a statement of facts positively set forth.

At the first term of the Court the defendants moved to vacate the order of attachment, which motion was sustained and an order made discharging the attachment, to which the plaintiff excepted, and brings a petition in error to this Court to reverse said order.

Defendants claim that the order of the Court below discharging the attachment, was correct, because 1st, the affidavit is insufficient, and 2d, because the Clerk had no power to issue such an order. If either of these positions are well taken, then the action of the Court was correct, and will not be disturbed. The affidavit states that the affiant is the lawful authorized agent of the plaintiff, that the defendants are indebted to the plaintiff on a promissory note for the sum of $3,816.47 and interest thereon at the rate of 2½ per cent. per month, from the 11th day of May 1859, the date of said note, the same having been given by the defendants to the plaintiff as the payee thereof; that said note is due and wholly unpaid, and is just; that the plaintiff ought to recover of the said defendants the aforesaid sum of money, with interest thereon as stated; that the said defendants have disposed of their property or a part thereof with intent to defraud their creditors, and the plaintiff in particular.

The affidavit then proceeds at length to state the facts upon which the affiant relies to show a fraudulent disposition of defendants property.

We have carefully examined this statement of facts and think if true they would convince any sane mind that the

eighth ground of attachment set forth in Section 199 of the Code, is sufficiently made out.

We do not propose, however, to comment upon the detailed statement as we are clear both upon reason and authority, that the ground of an attachment may be stated in the affidavit in the language of the Statute, without specifying more particularly the facts intended to be alleged. This the plaintiff did, and the facts and circumstances which he stated, upon which the alleged grounds of attachment are founded, need not have been stated, and can only be considered and held as surplusage.

This principle is now so well settled by authority as to render it unnecessary to discuss it. See *Carson* v. *Page,* 9 *Ohio, S.* 897; *Harrison & Wiley* v. *King & Casey, id.* 388; 17 *B. Monroe,* 542; 18 *id.* 632; 13 *Howard,* 348.

There was at first some difference of practice under the Code as to what construction should be placed upon the Section, but the more reasonable course of requiring the party seeking the benefit of an attachment only to state the ground in the Statutes seems now to be adopted as the general rule of proceeding, and of the propriety of this rule we have no doubt.

It will be readily seen that this ruling as to the sufficiency of the affidavit disposes of the other alleged error. If the granting of an order of attachment is a ministerial act, then the duty may well be confided to the Clerk where the law had placed that duty, and granting it on an affidavit in which the grounds are positively stated, is a ministerial and not a judicial act, and not in conflict with the 27th Section of the Organic Act.

It will readily be granted that the making of an order of attachment on an affidavit in which the grounds are stated and followed by a statement of facts and circumstances showing the truth of the averment, imposes upon the officer granting it a judicial duty, if it is necessary for him to examine and weigh the detailed statements, and the act

of a Clerk in such a case under the Organic Act would be void as the exercise of judicial functions is confided by that act to another class of officers.

By giving to Section 199 of the Code the construction we have placed upon it, makes Section 200 valid and operative, giving it the reverse construction, and Section 200 becomes inoperative, and a well devised remedy given by the Legislature is totally destroyed. Such a construction ought to be given to a law, if it will reasonably admit of it as will not suffer it to be defeated. 15 *Johnson*, 358; 1 *Cowen*, 550.

By following well established authorities in holding the affidavit sufficient when it avers facts in the language of the law, the act of granting attachments becomes ministerial and properly performed by the Clerk, and the remedy given by law, as well as the Organic Act upheld.

We therefore think that the Court erred in vacating the attachment. The plaintiff in error alleges several other errors in the ruling of the Court, but they are all of a character that cannot be acted on by this Court until the case is finally disposed of, and as it is still pending and undetermined, those errors will not be considered.

The case is remanded to the District Court of Douglas County, with directions to reinstate the attachment and for further proceedings.

BAILEY J., concurring.

This case having been argued and submitted at a term before COBB C. J., took his seat on the bench, he took no part in the decision.