P. W. Hodson v. Tootle, Shireman & Co., *et al.*

Attachment, *Not Discharged.* Where an order of attachment is procured, and levied upon property belonging to the defendant, and the defendant then moves to discharge the attachment upon the grounds of defective papers, and that the facts set forth in the affidavit for the attachment are not true, and the affidavit is slightly defective, but the evidence upon the hearing of the motion to discharge the attachment supplies all the defects of the affidavit, and sufficiently proves that the facts set forth in the affidavit are true, *held*, that the attachment should not be discharged.

*Error from Jewell District Court.*

PETITION in error, filed in this court March 9, 1882, by *Hodson*, for the purpose of reviewing the action of the court below in overruling motions to dissolve attachments in each of the following cases: Tootle, Shireman & Co. *v.* P. W. Hodson;. Catlin & Knox *v.* P. W. Hodson; Smith, Frazier & Co. *v.* P. W. Hodson; Quigg & Allen *v.* P. W. Hodson; and R. L. McDonald & Co. *v.* P. W. Hodson. The facts sufficiently appear in the opinion.

*R. S. Hanley*, and *Everest & Waggener*, for plaintiff in error.

*James F. Pitts*, and *Heron & Case*, for defendants in error Tootle, Shireman & Co.

*C. Angevine*, for Smith, Frazier & Co.

*Theo. Laing*, and *C. Angevine*, for Catlin & Knox.

*M. F. Knappenberger*, and *S. D. Decker*, for R. L. McDonald & Co.

*S. D. Decker*, and *Theo. Laing*, for Quigg & Allen.

The opinion of the court was delivered by

VALENTINE, J.: Six different actions were commenced in the district court of Jewell county, by five different firms— one firm commencing two actions—against Pleasant W. Hodson. An attachment was issued in each action, and was levied upon property belonging to the defendant, or supposed to belong to him. Afterward the defendant filed a motion to set aside each attachment, on the ground of defective papers, and on the ground that the facts set forth in the affidavits for the attachments were not true. All these motions were heard at the same time and upon the same evidence, and the court overruled all the motions and sustained the attachments. The defendant excepted to such ruling, and made a case for the supreme court, and now brings such case to this court. The case brought to this court contains all the rulings complained of, but only one "case-made" and one petition in error have been filed in this court. We shall consider all the questions

presented in each of the several cases; and taking all the evidence introduced on the hearing, we cannot say that the ruling of the court below was erroneous in any one of such cases. It is true that some of the papers in some of the cases were defective; but the subsequent papers filed and the subsequent evidence introduced cured all such defects. For instance, the plaintiff in error (defendant below) claims that the affidavit for the attachment in the case of Tootle, Shireman &. Co. was defective in being entitled "Milton Tootle, *et al.*, plaintiffs, *v.* Pleasant W. Hodson, defendant," and was also defective for the reason that some of the grounds for the attachment were stated therein in the alternative. Now under all the facts and circumstances of this case, we think that these defects are wholly immaterial. The true title to the action was as follows: "Milton Tootle, John Shireman, jr., Harry M. Tootle, De Forrest W. Herrick and Henry D. Robinson, partners under the name of Tootle, Shireman & Co., plaintiffs, *v.* Pleasant W. Hodson, defendant;" and the body of the affidavit showed clearly in what case the affidavit was made and filed; and the facts set forth in the affidavit were clearly proved by competent written and oral evidence on the hearing of the motions to discharge the attachments. Besides, an amended and more perfect affidavit was afterward filed by leave of the court.

The plaintiff in error (defendant below) also claims that the attachment undertaking in this case was also defective in the same manner that the affidavit for the attachment was defective. This question, however, was not submitted to the court below, and hence we shall say nothing further with reference thereto.

It is also claimed that in one of the two cases brought by R. L. McDonald & Co., the affidavit for the attachment was not made by any one of the plaintiffs, nor by their agent or attorney. Now it is not shown on the face of the affidavit that the affidavit was made by one of the plaintiffs, or by their agent or attorney; but the affidavit was, nevertheless, in fact made by an agent of the plaintiffs; and the affidavit for the attachment in the other case brought by R. L. McDonald &

Co., which was made by the same person and filed on the same day, shows that the person who made the two affidavits was the agent of the plaintiffs, R. L. McDonald & Co. Both affidavits were before the court, and in evidence on the hearing of the motions to discharge the attachments; and it is unquestioned that the plaintiffs R. L. McDonald & Co. adopted both the affidavits as their own, and ratified and confirmed the same. (*Dresser v. Wood*, 15 Kas. 344.)

The only other question involved in the case is, whether the grounds stated in the several affidavits were sufficiently proved on the hearing. Taking all the grounds together alleged in the several affidavits, and they are substantially as follows: That the defendant has assigned, sold, conveyed, removed and disposed of his property, or a part thereof, with the intent to hinder, delay and defraud his creditors; and also that he is about to do these things, and conceals his property for the same purpose. The evidence was principally oral, though a part of the same was written; and hence we have not the same opportunity of deciding with regard to the credibility of the witnesses that the court below had; and for this reason, among others, it is not necessary for us to determine whether the decision of the court below was in accordance with the preponderance of the evidence or not. All that is necessary for us to determine is, whether there was sufficient evidence to uphold and sustain the decision of the court below. We think there was; but as the evidence is voluminous, and as a correct determination from the evidence depends upon a vast number of minor circumstances, we think that nothing could be gained by entering upon a commentary upon the evidence; and therefore we shall do nothing more than simply to say that we think there was sufficient evidence to uphold the decision of the court below. The decision and order of the court below overruling the defendant's motions and sustaining the attachments will therefore be affirmed.

All the Justices concurring.