## WEARNE v. FRANCE.

(February 1, 1889.)

ATTACHMENT—GROUNDS—PROCEDURE.

1. In an action for a debt not yet due, the omission to allege the existence of one of the facts which by statute authorize an action on such a debt renders the petition fatally defective.

2. Plaintiff sued defendant on two separate contracts, and caused two attachments to issue, each on the same grounds. Defendant moved to dismiss "the attachment" for the reason that the alleged grounds did not exist. On the hearing of the motion the court and both parties treated it as being addressed to both writs, and the court granted it as to both. The debt on which one of the writs issued was not due, and the proper allegations to support an action thereon were not made. *Held*, that there was no error in dissolving both writs.

3. By the express provisions of Rev. St. Wyo. §§ 2910, 2911, the validity of an attachment is be tried upon motion to discharge, supported by affidavits or oral evidence, and not upon a plea.

4. Neither the constitutional provision (Const. U. S. art. 7) for jury trial "in suits at common law," nor Rev. St. Wyo. § 2517, providing that issues of fact in actions for the recovery of money only or specific real or personal property shall be tried by jury, entitles a defendant to a trial by jury of a motion to discharge an attachment.

5. An attachment debtor, doing a banking business, on the same day he assigned notified two depositors that he was about to do so, and they at once drew out their deposits. *Held*, that whatever effect this conduct might have upon the assignment under Rev. St. Wyo. § 96, declaring assignments with preferences void, it did not constitute a fraudulent disposition of property, within the meaning of the attachment law.

6. The making, under the advice of counsel, of an assignment for the benefit of creditors, does not support the charge, in an affidavit for an attachment, that the assignor has disposed of his property with intent to defraud his creditors.

Error to district court.

Action by one Wearne against one France, executor of James France, deceased. A motion to dissolve attachments issued on plaintiff's affidavits was sustained, and plaintiff brings error. Affirmed.

*J. R. Dixon,* for plaintiff in error. *Brown, Blake & Arnold* and *Corlett, Lacey & Riner,* for defendant in error.

MAGINNIS, C. J. Plaintiff in error sued James France, testator of defendant in error, in the court below, upon two certificates of deposit issued by France as a banker. One of these certificates was due and unpaid at the time suit was brought; the other was not due at that time. No right of action was shown upon the face of the petition upon this second certificate. Under the statutes of this territory, action upon a debt not due may only be brought when one of the following causes exists: *First,* when a debtor has sold, conveyed, or otherwise disposed of his property, with the fraudulent intent to cheat or defraud his creditors, or to hinder or delay them in the collection of their debts; *second,* when he is about to make such sale or disposition; *third,* is about to remove his property with such intent, or where he is about to become a non-resident of the territory. Clearly, the petition in such case must allege the existence of one of these facts, in order to state a cause of action. The second cause of action in the amended petition in this case fails to make any such allegation, and is therefore fatally defective, and such defect cannot be cured by intendment. Plaintiff in error filed two affidavits,—one upon each of these causes of action, — for attachment. Each affidavit alleged that the defendant had assigned his property with intent to defraud his creditors. Upon the one filed in connection with the first cause of action a writ of attachment issued as of course; upon the other an application was made to the judge in conformity with the statute, and an order was made by him granting the writ. Defendant filed a motion to discharge and dissolve "the attachment" for the reason, among others, that the allegation that he had assigned his property with such fraudulent intent, as charged, was false. This motion was supported by affidavits, and was heard by the court upon oral testimony. The court sustained the motion, and dissolved "the attachments."·

The action of the court in dissolving the attachments when the motion made by defendant was in the singular number is now assigned as error. It appears from the record sent up that all parties treated the motion to discharge as being addressed to the two writs, and upon this theory offered evidence. It does not appear that the attention of the court below was called to the form of the motion in any way. The objection, if it has any force at all, is purely technical, and we are inclined to think would in any event not be sufficient ground for reversal. Plaintiff in error probably would not be permitted to make such a question in this court for the

first time. The two affidavits for attachment were obviously based upon the same state of facts, and, those facts not being sufficient, as will be seen hereafter, to support an attachment, the opinion of this court would necessarily dispose of the other writ. There is therefore no substance in the assignment of error; and, indeed, under the circumstances of the case, the absolute lack of jurisdiction in the court below to try the second cause of action is apparent upon the face of the papers. We see no error in the order dissolving both writs.

An objection is made by plaintiff in error that the motion to discharge, as supported by affidavits, does not present a triable issue, but that such issue must be made by plea. This objection is not well taken, for the reason that the statute (sections 2910 and 2911, Rev. St. Wyo.) expressly provides that the validity of the attachment shall be tried upon motion to discharge, supported by affidavits or oral evidence. Upon the hearing of the motion in the court below plaintiff demanded a jury, which demand was refused by the court, and the refusal is now assigned as error. The right to trial by jury, guarantied by article 7 of the constitution of the United States, extends only to "suits at common law." An attachment is a special proceeding, auxiliary to an action at common law, and can in no proper sense be considered as a "suit at common law." So the statute (section 2517, Rev. St. Wyo.) provides that issues of fact arising in actions for the recovery of money only, or specific real or personal property, shall be tried by a jury in accordance with the constitutional provision. This section does not apply to special proceedings. Clearly, the proceeding in attachment is not an action for the recovery of money or real or personal property.

On the 16th day of March, 1888, James France, the defendant's testator, a private banker in the town of Rawlins, executed an assignment in trust for the benefit of his creditors to John W. Connor and W. R. Brown. The deed of assignment was regular on its face. During the morning of the same day one Hocker, a depositor in France's bank, was notified by G. C. Smith, one of France's attorneys and counselors, that an assignment was contemplated. Acting upon such information, Hocker drew out of the bank some $4,800, the amount of his deposit, except about $50. About the same time one Chrisman was notified by H. B. Henderson, the cashier of the bank, and drew out the amount of his balance with the bank. The evidence conclusively shows that all this was done prior to the execution of the deed of assignment made on that day. These are all the facts it is necessary to recite. Plaintiff in error charges that France was cognizant of and authorized these payments. While the relations of the parties might to some extent justify this inference, we do not by any means find the charges sustained by the evidence. It not being material, however, to a decision of the case, we may well assume, for the purpose of this decision, that France did know and authorized these payments. Section 96, Rev. St. Wyo., provides, among other things, that an assignment for the benefit of creditors shall be void "if it gives preference of one debt, or class of debts, over another." Plaintiff in error contends that the payments to Hocker and Chrisman constituted such a preference as that contemplated by the statute, and that thereupon the assignment is void. We do not think we are called upon to decide the validity of the deed of assignment in this case. The mere act of preferring one creditor by way of security or payment was never, and we apprehend never will be, held to be *per se* moral, as distinguished from constructive, fraud. In this case there is no dispute but what the debts to Hocker and Chrisman were *bona fide* debts. At common law the right always existed to pay or prefer one creditor over another. As was well said by Justice Ford in Tillou v. Britton, 9 N. J. Law, 120: "If, while a man retains his property in his own hands, the right of giving preference should be denied, he would so far lose the dominion over his own that he could not pay anybody, because whoever he paid would receive a preference. He could only pay ratably, which is never incumbent till after he has taken the benefit of the insolvent laws, or has assigned his property to trustees for the benefit of creditors, and so put the dominion over it into other hands." This right is preserved to an insolvent debtor in this territory by section 94, Rev. St. Wyo. Whatever effect, therefore, the payments to Hocker and Chrisman may have upon the deed of assignment, we

cannot hold them to be fraudulent within the meaning of the attachment law. Indeed, it would be difficult to conceive any case or combination of circumstances which would render the payment of a just debt fraudulent.

The only other circumstance relied upon to support the charge that France disposed of his property with intent to defraud his creditors is the making of the deed of assignment. Clearly, there is nothing upon the face of the deed which would justify such a conclusion. Whether the deed shall be considered as void or not, it is still an attempt, made under the advice of counsel, to divide equitably all the debtor's property among his creditors. Such an attempt, however unsuccessful, when unconnected with any other fact showing fraud, is to be commended, not reprobated. We cannot find that plaintiff in error sustained by evidence the charge of fraud necessary to support his attachment. The order of the court below dissolving the attachments will therefore be affirmed.