TABITHA FRANCES CASSADY *et al.* v. WILLIAM H. MORRIS.

(Filed September 5, 1907.)

(91 Pac. 888.)

1.   JURY—Right to Jury Trial—Exemptions. A motion to discharge exempt property from attachment is triable to the court or judge, and neither party is entitled to a jury.

2.   HOMESTEAD—Exemption—Tort of Father. The homestead of the family is exempt to the family and cannot be taken on attachment for the tort of the husband and father.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before Bayard T. Hainer, Trial Judge.*

Affirmed.

*Moss & Turner*, for plaintiffs in error.

*Sam K. Sullivan* and *W. C. Tetirick*, for defendant in error.

Opinion of the court by

BURFORD C. J.:   This cause presents for our interpretation the statutes providing for exemption of the homestead. The plaintiffs in error brought their action in the district court of Kay county against William H. Morris to recover damages for the felonious killing of the husband and father and son and brother of the plaintiffs. The action is one in tort to recover damages. The plaintiffs caused an attachment to issue and be levied upon a farm belonging to Morris in Kay county. The defendant moved to discharge the property from the attachment and seizure upon the ground that it was the homestead of the family. The issue upon the motion to discharge was tried to the court, and the court found for the movant and ordered the property released from the levy. From this order the plaintiffs appealed, and present three alleged errors: First, that the court erred in refusing them a jury upon the trial of the motion to discharge the property; second,

that the issue was prematurely heard and determined; third, that, suit being to recover damages in tort, no exemption is allowed.

As to the first proposition, we think there it not much room for contention. The constitution of the United States guarantees the right of trial by jury in all suits at common law where the value exceeds twenty dollars. This case does not come within this class. It is not a suit at common law, but a special proceeding governed by statute and is a substitute in a measure for the bill of discovery. Our code, procedure civil, (section 4453, Wilson's Stat.. 1903), upon the subject of trials, provides: "Issues of law must be tried by the court unless referred. Issues of fact arising in actions for the recovery of money or of specific real or personal property shall be tried by a jury, unless a jury trial is waived, or a reference be ordered as hereinafter provided." · Section 4454: "All other issues of fact shall be tried by the court, subject to its power to order any issue or issues to be tried by jury or referred as provided in this code." Upon the subject of attachments, in section 4415, it is provided: "The defendant may, at any time before judgment, upon reasonable notice to the plaintiffs, move to discharge an attachment as to the whole or part of the property attached." Section 4416: "If the motion be made upon affidavits on the part of the defendants or papers and evidence in the case but not otherwise, the plaintiff may oppose the same by affidavits or other evidence in addition to that on which the order of attachment was made." By section 3, art. 2, chap. 24, p. 194, Laws of 1899, the judge at chambers is given authority to dissolve attachments. The issue is formed by a denial of the attachment affidavit, or upon the denial of facts set up in a motion to discharge. None of these affidavits or motions are, properly speaking, pleadings. The issues referred to in section 4453, *supra,* are the issues made by the pleadings in the case. Mere collateral issues that may arise upon motion are not included in the issues triable to a jury. It is evident, taking all the statutory provisions together, that the legislature did not intend that the issue formed upon a motion to discharge an attachment, or to discharge exempt

property from attachment, should be submitted to a jury. The purpose was to provide a speedy and summary mode of disposing of such questions, and, indeed, we believe it has been the general practice in Kansas, from which state we have borrowed our procedure, as well as in this territory since its organization, to try such questions by the court. We think there was no error in refusing a jury in this case.

The second proposition contended for is that the attached property should not have been dismissed until the plaintiff had secured a judgment, and its status should be determined as of that time. We do not consider this question of much moment. Clearly, if the plaintiff was not entitled to the attachment at the time it was levied, the defendant was entitled to have the property discharged. The law would not require him to have his property encumbered with an apparent lien which had no validity, for the purpose of enabling the plaintiff to secure a valid lien at some future period. The plaintiffs were either entitled to the attachment when it was issued and levied, or they were not entitled to it at all; and the defendant had the right to have this question determined, and it was the duty of the court to hear it at the first available opportunity.

The third contention is that the suit is for a tort, and that there is no exemption from a judgment sounding in tort. Whatever the correct rule may have been prior to the amendment of our exemption laws in 1905, it does not seem that there can be any doubt as to its meaning now. It is provided (Laws 1905, sec. 1, chap. 18, p. 255): "The following property shall be reserved to every family residing in the territory exempt from attachment or execution and every other species of forced sale for the payment of debts, except as hereinafter provided: First, the homestead of the family, which shall consist of the home of the family, whether the title to the same shall be lodged in or owned by the husband or wife." The exemption is to the family. How can the family have the home exempt if it may be taken for the wrong of the husband and father? It seems but to ask this question suggests its own

answer. In this case it is shown that the defendant has a family consisting of a wife and children; that this farm is the homestead and home of the family; that they leased it temporarily, with no purpose of abandoning it, but with the express purpose of returning to it; they had no other home. If the home is exempt to the head of the family, then, as a general rule, it may be taken for his torts, but under our statute the legislature has clearly indicated its purpose by the amendment of 1905 to exempt the home to the entire family from forced sale of any character, regardless of whether the title is in the husband or in the wife, or in both, and this purpose is so clearly apparent that we need not look to decisions of other courts to determine the proper interpretation to be given our statute. If the home of this family can be taken upon a judgment against Morris for his felonious acts, then the law fails entirely of its purposes, and the family is no better situated than if the law had never been changed. Each member of the family residing upon the homestead and in good faith making it a home is equally protected by the statute, and has such an interest as will prevent its forcible seizure for the debts or liabilities of either.

We find no error in the record.

The judgment is affirmed, at the costs of the plaintiffs in error.

Hainer, J., who presided in the court below, not sitting; Irwin, J., absent; all the other Justices concurring.