**MILLUS et ux. v. LOWREY BROS.**

No. 5931—Opinion Filed Feb. 20, 1917.

Rehearing Denied May 1, 1917.

(164 Pac. 663.)

(Syllabus by the Court.)

1. **Appeal and Error—Attachment—Jury—Claim of Third Party—Construction of Interpleader—Trial by Jury—Review.**

Where one who is not a party to an action files what she denominates an "interplea in attachment," which, without directly attacking the existence of any of the alleged grounds for the attachment or any proceeding had therein prior to the levy, merely denies that the defendant in the attachment or any other person than herself owns the personal property attached and claims for herself the title and in effect the right to the immediate possession of such property, she will be deemed an interpleader asserting a right in the nature of that of a petitioner in replevin upon the authority of section 3918, Stat. 1893 (section 4701, Rev. Laws 1910), as construed in the Ranney-Alton Mer. Co. v. Hanes & Johnson, 9 Okla. 471, 60 Pac. 284, and not a mere mover asking for a discharge of the attachment as an interested party who assumes that there is no substantial question as to the existence of her interest and who invokes no further inquiry or decision as to her interest than that there is, at the time, no substantial question of its existence, upon the authority of section 4426, Stat. 1893 (section 5310, Rev. Laws 1910), as construed in Sparks v. City National Bank of Lawton et al., 21 Okla. 827, 97 Pac. 575, and Shelby et al. v. Ziegler, 22 Okla. 799, 98 Pac. 989, following the rule established by White-Crow v. White-Wing, 3 Kan. 276 (270), Harrison & Willis v. Andrews, 18 Kan. 535, and Long v. Murphy et al., 27 Kan. 375.

(a) The issue made by such interplea and plaintiff's general denial of the allegations therein is properly triable to a jury.

(b) Errors occurring in such trial are not subject to review in this court unless the action of the trial court in overruling the motion for a new trial is assigned as error.

2. **Attachment — Affidavit — Denial — Motion to Discharge Attachment.**

Under section 4118, Stat. 1893 (section 4862, Rev. Laws 1910), construed in the light of section 4119, Stat. 1893 (section 4863, Rev. Laws 1910), the existence of the grounds stated in the affidavit for an attachment may be denied and put in issue in a motion to discharge the attachment.

3. **Same—Motion to Discharge—Trial by Jury—Waiver.**

The issues made by a defendant's motion to discharge an attachment in which the existence of the grounds for the attachment alleged in the affidavit therefor are denied are triable to the judge without a jury; but where the mover does not ask for and insist upon a consideration or decision of the same by the judge, and, after the same are submitted to the jury without objection and a verdict has been returned sustaining the attachment, the judge enters judgment sustaining the same, the moving defendant will be deemed to have waived his right to have the same considered and determined by the judge independently of the verdict of the jury.

4. **Appeal and Error—Attachment—Existence of Grounds—Question for Jury—Presumptions—Harmless Error.**

It is error to submit an issue as to the existence of grounds for an attachment to the jury for a general verdict, instead of merely for special advisory findings of fact, if at all, and to base a judgment upon such general verdict, instead of upon the findings and opinion of the judge, in the decision upon a motion to discharge such attachment traversing the existence of such grounds.

(a) When the judgment on such motion follows, recites, and is in accord with such general verdict, and it does not affirmatively appear that the judge treated such verdict as merely advisory and gave such judgment upon his own findings and opinion, such judgment will be presumed to be based upon such verdict.

(b) Such error will necessitate a reversal only when upon an examination of the entire record, it appears that the same has probably resulted in a miscarriage of justice or violates a constitutional or statutory right.

5. **Attachment—Grounds—Fraudulent Conveyance.**

A disposition of property with intent to defraud, hinder, or delay creditors, within the meaning of section 4068, Stat. 1893 (section 4812, Rev. Laws 1910), may be effected by means of a mortgage thereon, so as to constitute a ground for attachment under this section of the statutes.

6. **Attachment—Allegations of Affidavit—Construction—Civil Action.**

An allegation in an affidavit for an attachment "that said plaintiff has commenced said action against said defendant for the recovery of $322; that the defendant is indebted to said plaintiff in said sum; that said claim is just and due, and is wholly unpaid," sufficiently shows that the action in which the attachment is asked is "a civil action for the recovery of money" within the meaning of section 4068, Stat. 1893 (section 4812, Rev. Laws 1910), to permit the attachment.

(a) If the allegation in this regard had been slightly insufficient, either the answers filed or the evidence taken in this case was such as to cure any such defect.

**7. Same—Affidavit—Just Claim.**

The requirement of section 4069, Stat.
1890 (section 4813, Rev. Laws 1910), that
an affidavit for an attachment shall show
that the plaintiff's claim "is just" is satisfied
by merely stating in such affidavit, in the
language of the said section, that the same
"is just."

**8. Attachment — Personal Property—Judgment.**

· Evidence examined, and held sufficient to
support a judgment sustaining an attachment of personal property.

Kane, J., dissenting.

Error from County Court, Pittsburg
County; B. P. Hammond, Judge.

Action by Lowrey Bros., a partnership
composed of John A. Lowrey and M. C. Lowrey, against L. S. Millus, with attachment of
personal property, in which Mrs. M. F. Millus, wife of defendant, filed a denominated
"interplea in attachment," claiming title and
right to immediate possession of the attached property. Judgment for plaintiffs
and against the interpleader, and defendant
and the interpleader bring error. Affirmed.

Arnote & Rogers, for plaintiffs in error.

Andrews & Day, for defendants in error.

THACKER, J. The plaintiffs in error, L.
S. Millus and M. F. Millus, who are husband
and wife, will be designated as defendant
and interpleader, respectively, and the defendants in error, Lowrey Bros., a partnership, will be designated as plaintiffs, in accord with the titles of these parties in the
trial court.

The plaintiffs commenced this action on
August 10, 1911, against the defendant, on an
account for $270, with legal interest from
that date, and on a promissory note held by
them as assignees for $32, with interest
thereon at the rate of 8 per cent. per annum
from some time in 1903, making a total of
about $322 at the time this action was commenced; and at the same time the plaintiffs
procured the attachment of a stock of goods,
wares, and merchandise as the property of
the defendant and in his possession, upon an
affidavit filed in this case which alleges,
among other things:

"That said plaintiff has commenced said
action against said defendant for the recovery of $322; that the defendant is indebted
to said plaintiff in said sum; that said claim
is just and due and is wholly unpaid.

"(5) That said defendant is about to remove his property, or a part thereof, out of
the jurisdiction of the court, with the intent
to defraud his creditors.

"(6) That said defendant is about to convert his property, or a part thereof, into
money, for the purpose of placing it beyond
the reach of his creditors.

"(7) That said defendant has property
or rights in action which he conceals.

"(8) That said defendant has assigned,
removed, or disposed of or is about to dispose of his property, or a part thereof, with
the intent to defraud, hinder, or delay his
creditors."

The attached property was the stock in
trade in a store in the ostensible possession
and control of the defendant.

On September 6, 1912, defendant answered
by denial of all indebtedness and by alleging
that the account sued on was incorrect in
respect to its failure to show certain credits,
as claimed by him, amounting to a payment
of the indebtedness therein charged against
him.

On November 25, 1911, the defendant filed
his verified motion to discharge the said attachment, in which motion he not only alleged defects apparent on the face of the
plaintiff's affidavit for the same, but denies
the existence of each and all grounds therefor stated in said affidavit.

On December 10, 1912, plaintiffs filed their
general denial of the allegations of defendant's answer.

On December 19, 1912, the interpleader,
presumably under section 3918, Stat. 1893
(section 4701, Rev. Laws 1910), came into
this case by filing what she denominated her
"interplea in attachment," which, after reciting the fact of said attachment, alleges:

"That this affiant claims said property so
attached; that affiant's claim to said property arises as follows: That affiant bought
the original stock of goods, wares, and merchandise, replenishing the same from time
to time as depleted in the usual course of
trade, and at the time of the levy of the
said attachment writ she was the absolute
owner of said stock of goods, wares, and merchandise, and bought and paid for same with
her own money, and the same is the property of this affiant and is not the property
of L. S. Millus or any other person.

"Wherefore affiant prays that said attachment be dissolved as to said property, and
for such other relief as may be just and
meet in the premises."

On February 28, 1913, the plaintiffs filed a
general denial to the aforesaid interplea.

On April 29, 1913, with the pleadings of
the parties and the motion of the defendant
to discharge the attachment standing as
above stated, this case went to trial to a
jury under the judge's instructions upon
each and all the issues of fact above shown,
including the issue made by the motion to

discharge the attachment and the issue made by the aforesaid interplea and answer thereto, and the trial resulted in a verdict as follows:

"We the jury duly impaneled, selected, and sworn to try the above-entitled cause, do find from the law and evidence the issues in favor of the plaintiffs, Lowrey Bros., in the sum of $188.38, and that the attachment herein shall be sustained, and further find the issues against the interpleader, M. F. Millus."

The court entered a judgment in accord with this verdict; and the defendant and interpleader bring the case nere for review upon their separate assignments of error, now to be considered so far as they present questions which this court will review in the state of the record and in the state of the argument thereon in their brief.

The interpleader does not assign as error the action of the trial court in overruling her motion for a new trial, and, for this reason, her petition in error will not be considered, the determination upon the trial of the issue made by her interplea and the plaintiff's denial of the allegations of the same being the only issue in which she was interested.

She now claims that her interplea, which she entitled her "interplea in attachment." was but a motion to discharge the attachment to be determined by the judge alone, and that its determination was not a trial within the rule requiring a motion for a new trial and an assignment of error in the overruling of the same.

It appears that under section 4426, Stat. 1893 (section 5310, Rev. Laws 1910), one who is not technically a party to an action, but who has an interest in or is affected by the same, as, for instance, one who is interested as owner or otherwise in having the property discharged from the attachment, may move for such discharge without subjecting his claim of interest to the danger of a binding adjudication against him on such motion, although the court has a wide discretion in determining such motion, and should overrule the same if there is any substantial question as to the mover's interest; and the only thing determined as to the mover's interest is the interlocutory question as to whether the same is claimed and is admitted or not seriously questioned in such action, although the decision may be final as to other grounds of the motion (Sparks v. City National Bank of Lawton et al., 21 Okla. 827, 97 Pac. 575; Shelby et al. v. Ziegler, 22 Okla. 799, 98 Pac. 989; Crow v. White Wing, 3 Kan. 276 [270]; Harrison & Willis v. Andrews, 18 Kan. 535; Long v. Murphy et al.,

27 Kan. 375); but, instead of such an anomalous motion to discharge under the section cited, it appears that the interpleader, evidently relying upon section 3918, Stat. 1893 (section 4701, Rev. Laws 1910), without any direct attack upon the attachment proceedings, had, prior to the levy upon this personal property, merely alleged title, and, liberally construing her interplea, claimed the right to the immediate possession of the property, somewhat as if she were proceeding in replevin (Ranney-Alton Mercantile Co. v. Hanes & Johnson, 9 Okla. 471, 60 Pac. 284), so that, when the plaintiff filed his general denial thereto, an issue was made, to be tried as in replevin, as to the existence of her alleged right to the immediate possession of this property. Ranney-Alton Mercantile Co. v. Hanes & Johnson, supra; Rice, Stix & Co. v. Sally, 176 Mo. 107, 75 S. W. 398; Spooner. v. Ross, 24 Mo. App. 599; Stadden Grocery Co. v. Lusk, 95 Mo. App. 261, 68 S. W. 587; State ex rel. John Reeves v. Barker, 26 Mo. App. 487; Brownwell & Wight Car. Co.. v. Barnard, 139 Mo. 142, 40 S. W. 762.

The issue thus made by her was tried and decided against her; and, this being the only issue or decision in the case affecting her, her failure to assign as error the action of the trial judge in overruling her motion for a new trial completely eliminates her petition in error and leaves her without any assignment which this court will review. Avery v. Hays, 44 Okla. 71, 144 Pac. 624; Wilson v. Eulberg, 51 Okla. 316, 151 Pac. 1067; Bice et al. v. Myers et al., 45 Okla. 507, 145 Pac. 1150.

The foregoing disposes of the interpleader's petition in error; and we will now proceed to consider the defendant's contentions so far as he has reserved exceptions in the trial court, assigned error in this court, and argued such error in his brief.

It does not appear that there is any question for review here touching the trial, decisions, and judgment upon the issue made below as to the defendant's indebtedness to the plaintiff; and the only assignments of error presented for decision in this court relate to the sustension of the attachment against him in the judgment given in the trial court.

It does not appear that the trial judge was ever called upon or in any manner refused to consider or determine the defendant's motion to discharge the attachment independently of the verdict of the jury; but by this instruction he submitted to the jury, with the tacit consent given by the silence of the defendant, the issue as to the existence of any ground for the attachment alleged in the plaintiff's affidavit therefor; and in the

final judgment in the case, after reciting the verdict as hereinbefore quoted, he gave judgment for the plaintiff for $188.38 and sustaining the attachment, in accord with the verdict.

In submitting this issue as to the existence of any ground for the attachment to the jury, the trial judge, without objection, informed the jury in a paragraph of the instructions as to what is alleged in plaintiff's affidavit as his grounds for the attachment, and that the defendant had denied the same, so as to advise the jury of the existence of the issue so made; and in two separate paragraphs he further instructed, without objection, as follows:

(2) "That fraud is never presumed, but must be proven, the law presumes that every person transacts business honestly and in good faith, and the burden of proof of fraud is upon the party who charges, and where the transactions may be fairly reconciled with honesty, and if the weight of the evidence is in favor of the conclusion, it should always be adopted, and if the proof fails to establish any of the material facts by clear preponderance of the testimony, then the plaintiff's attachment should be dissolved;" and (3) "that a debtor may pay one creditor in preference to another or may give one creditor security for payment of his demands in preference to another providing same is done in an honest transaction."

And, in submitting the foregoing issue, the judge also gave the jury the following instructions, to which the defendant took exceptions, to wit:

"You are instructed in this cause that the burden is upon the plaintiff to show by a fair preponderance of the evidence some one of the grounds for attachment set out in the attachment affidavit. And in determining the question as to the attachment you are to take into consideration all the testimony and circumstances surrounding the transaction."

"You are instructed that one of the grounds alleged in the affidavit for attachment is that defendant has removed or disposed of, or is about to dispose of, his property, or a part thereof, with intent to defraud, hinder, or delay his creditors, and in this connection you are instructed that any assignment, removal, or disposal of any substantial part of his property with intent either to defraud or hinder or delay his creditors would come within this allegation of the affidavit, and you are instructed that a mortgage is a transfer or disposition within the meaning of the law."

It will be seen from the foregoing that the defendant did not object or except to the submission of the issue as to the existence of a ground for the attachment to the jury, but limited his exceptions to two of the five paragraphs of the instructions relating to the same; and the only point against either of these two paragraphs that he argues in his brief even approximately as required by the rules of this court is that it was error to give that portion of the last paragraph which states that "a mortgage is a transfer or disposition within the meaning of the law," which we will notice later.

Some idea of the inharmony between the decided cases in the different jurisdictions and in statements of law writers attempting to follow the same as to the proper procedure to obtain a discharge of an attachment upon grounds dehors the record may be gathered from the text in 2 R. C. L. Attachment, secs. 84, 87, 90, 91, pp. 874-877, and notes thereto.

In 6 Corpus Juris, Attachment, sec. 1078, p. 463, it is said:

"The issue on a plea in abatement or traverse of the grounds of attachment should be tried by jury unless such trial is waived by the parties." (The emphasis is our own.)

In 6 Corpus Juris, Attachment, sec. 1052, p. 455, it is said:

"On an application for a dissolution of an attachment there must be a hearing and a trial of the questions of fact involved. It is the usual practice for the court or officer to whom a motion to vacate an attachment is made to hear the same without a jury, whether the motion is based on the original papers or on defects not apparent, and in some jurisdictions such trial is, it seems, the only proper method. The court may, however, for its better information and satisfaction, frame and submit proper issues to a jury, and there are cases in which it ought so to do." (The emphasis is our own.)

In Wearne v. France, 3 Wyo. 273, 21 Pac. 703, in which the existence of any ground for the attachment is traversed in a motion to discharge the same, and which is cited in the note as supporting the statement above emphasized in our last quotation from Corpus Juris, it is said in the opinion:

"An objection is made by plaintiff in error that the motion to discharge, as supported by affidavits, does not present a triable issue, but that such issue must be made by plea. This objection is not well taken, for the reason that the statute (sections 2910 and 2911, Rev. St. Wyo.) expressly provides that the validity of the attachment shall be tried upon motion to discharge, supported by affidavits or oral evidence. Upon the hearing of the motion in the court below plaintiff demanded a jury, which demand was refused by the court, and the refusal is now assigned as error. The right to trial by jury guaranteed by article 7 of the Constitution of the United States extends only to 'suits at comon law.' An attachment is a special

proceeding, auxiliary to an action at common law, and can in no proper sense be considered as a 'suit at common law.' So the statute (section 2517, Rev. St. Wyo.) provides that issues of fact arising in actions for the recovery of money only, or specific, real or personal property, shall be tried by a jury in accordance with the constitutional provision. This section does not apply to special proceedings. Clearly the proceeding in attachment is not an action for the recovery of money or real or personal property."

Sections 2910 and 2911, Rev. Stat. Wyo. 1887, are practically identical with our sections 4118 and 4119, Stat. 1893 (sections 4862 and 4863, Rev. Laws 1910), and section 2517, Rev. Stat. Wyo. 1887, is practically identical with our section 4156, Stat. 1893 (section 4993, Rev. Laws 1910).

Section 4157, Stat. 1893 (section 4994, Rev. Laws 1910), which follows and refers to the provision as to issues triable to a jury under section 4156, Stat. 1893 (section 4993, Rev. Laws 1910), reads:

"All other issues of fact shall be tried by the court, subject to its power to order any issue or issues to be tried by jury, or referred as provided in this Code."

And Laws 1899, p. 194, as revised in section 5318, Rev. Laws 1910, reads:

"Judges of the district, superior, and county courts shall, within their respective districts and counties, be authorized to hear and determine at chambers motions to dissolve attachments. * * *"

In Barton v. Ferguson, 1 Ind. Ter. 263, 37 S. W. 49, where the grounds of the attachment were traversed, the court following Sanger v. Flow, 48 Fed. 152, 1 C. C. A. 56, Platter Co. v. Low, 54 Fed. 93, 4 C. C. A. 207, and Holliday v. Cohen, 34 Ark. 707, held, as stated in the syllabus:

"The matter of the rightfulness of the attachment should be tried and determined by the court upon the issues raised by the affidavit for attachment and the appellee's controverting affidavit."

Although it does not appear that our own court more than once, nor since 1894, has been called upon to decide the precise question as to whether the issue made by a traverse of the grounds for an attachment may properly be embraced in a motion to discharge the same as a matter of right, and is triable to the judge, without a jury, under the above-mentioned provisions of our statutes, the following cases will show that from early territorial days down to this moment the court has entertained and consistently adhered to the view that such an issue might be made by motion to discharge and is properly triable to the judge without a jury. Carnahan v. Gustine et al., 2 Okla. 399, 37 Pac. 594; Cassady v. Morris, 19 Okla. 203, 91 Pac. 888; Bash v. Howald, 27 Okla. 462, 112 Pac. 1125; McComb et al. v. Watt, 39 Okla. 412, 135 Pac. 361.

In Carnahan v. Gustine et al., supra, where "in the motion to dissolve [the attachment] the defendant in error denied under oath specifically each and every allegation set out and contained in the affidavit of attachment, and on the issues thus joined the court heard testimony and determined the controversy," it is held:

"A motion to discharge an attachment is a proper proceeding under sections 4118, 4119, Statutes of 1893, and such proceedings should succeed or fail upon the truth or falsity of the attachment affidavit."

In Cassady et al. v. Morris, supra, where defendant moved to discharge upon the ground that the attached property was the homestead of the family, it was held:

"A motion to discharge exempt property from attachment is triable to the court or judge, and neither party is entitled to a jury."

In the opinion in that case it is said:

"By section 3, art. 2, c. 24, p. 194, Laws of 1899, the judge at chambers is given authority to dissolve attachments. The issue is formed by a denial of the attachment affidavit, or upon the denial of facts set up in a motion to discharge. None of these affidavits or motions are, properly speaking, pleadings. The issues referred to in section 4453, supra, are the issues made by the pleadings in the case. Mere collateral issues that may arise upon motion are not included in the issues triable to a jury. It is evident, taking all the statutory provisions together, that the Legislature did not intend that the issue formed upon a motion to discharge an attachment, or to discharge exempt property from attachment, should be submitted to a jury."

In Bash et al. v. Howald, supra, where it does not clearly appear how the question arose, it is held:

"A motion to dissolve an attachment and to have the property restored to the defendant may be heard and disposed of by a judge at chambers."

In McComb et al. v. Watt, 39 Okla. 412, 135 Pac. 361, where the motion related to exempt property, it is held that the issue presented by a defendant's motion to discharge an attachment is triable to the judge; and, after quoting the statute expressly authorizing such motion, it is said in the body of the opinion:

"It has been held that this proceeding by motion to discharge an attachment is a proper practice (Carnahan v. Gustine, 2 Okla. 399, 37 Pac. 594), and that the issue thus presented is triable to the court, and that the parties are not entitled to a jury (Cassady v. Morris, 19 Okla. 203, 91 Pac. 888; Bash v. Howald, 27 Okla. 462, 112 Pac· 1125)."

The defendant, in failing to demand a hearing and decision by the judge on his motion to discharge and in allowing the issue presented by the same as to the existence of any ground for the attachment to be submitted to the jury without objection to such submission, waived his right to such hearing and decision thereon, and is bound by the verdict of the jury to the same extent that he would be bound if the issue had been one upon which a jury trial might have been demanded as a matter of right.

It must be obvious that the judicial power of the jury to determine an issue submitted to them is one thing and the rights of the parties to the litigation in respect to what should be submitted to them in the trial of issues of fact is another and distinct thing; and, although the submission of an issue to the jury may violate the rights of the parties to the litigation, their verdict is not coram non judice and void if the jury has the judicial power to determine such issue when submitted.

The question as to whether the jury has such judicial power must, of course, be determined by reference to our state Constitution, which does not expressly designate the judicial powers of each nor expressly authorize any legislative or judicial transfer of judicial power from the judge to the jury, and must be construed to vest in judge and jury just such·judicial powers as they had in general in the territory of Oklahoma and in our sister common-law states at the time of the adoption of the Constitution, with no other line of demarcation between the powers of each than had been established by general law in such jurisdiction.

There is certainly no express line of demarcation drawn in our Constitution between the judicial power of the judge and the judicial power of the jury; and it appears that, according to general law and the usual practice in common-law jurisdictions, their respective judicial powers, as contradistinguished from the rights of the parties as to how these powers are exercised, were coextensive at the time of the adoption of our Constitution, at least in determining issues of fact upon which legal rights depend.

Section 1, art. 7 (Williams', sec. 186), of the state Constitution vests the judicial power of the state "in the Senate, sitting as a court of impeachment, a Supreme Court, district courts," etc. (which "district courts" in a broad sense may include judges and juries, 11 Cyc. 655, 656), and section 10, art. 7 (Williams', sec. 195), of the same gives a district court, which, in its broad sense, may include both judge and jury, original jurisdiction "in all cases, * * * except where exclusive jurisdiction is by this Constitution, or by law, conferred on some other court," while section 19, art. 2 (Williams', sec. 27), of the same provides that "the right of trial by jury shall be and remain inviolate"; but there is no express guaranty as to the right of trial by the judge.

Unless a correct construction of one or more of these provisions of the Constitution limits the judicial power of the jury to render verdicts upon which judgments may be based to issues of fact which may be made by the pleadings in actions at common law, it seems certain that their verdict upon any other issue of fact upon which a legal right depends, when submitted without objection, is equally as effective when made a basis for a judgment without objection as is their verdict upon an issue of fact in a common-law action; for it is certain that both the original judicial power and the limit of such power in the jury must be found in a correct construction of these provisions of the Constitution, and we have no statute that even attempts to limit such power.

As already stated in effect, the right to demand a trial by jury and the judicial power of the jury to determine what is submitted to them without objection are not coextensive under our Constitution; and, although this constitutional guaranty protects such right from any sort of violation, it nowhere limits the judicial power of the jury, which, in the history of jury trials, has occasionally been effectively exercised beyond the bare right of either party to the litigation to demand the same, both in respect to the issues of fact submitted and in respect to separable questions of law inadvertently or otherwise submitted with such issues without objection.

It would have been very easy to have said in one form or another that the judicial power of this state is vested in the judges, and, upon demand in the trial of an issue of fact in an action at common law, in the juries, if such precise demarcation between their powers had been intended; but, instead of this, it is vested in the courts (section 1, art. 7; Williams', sec. 186), which includes both judges and juries, without speci-

fying any line of demarcation between the power of the judge and that of the jury; and the only line of demarcation between judge and jury in any respect specified is that the "right of trial by jury [upon demand in actions at common law] shall be and remain inviolate."

In 24 Cyc. 107, it is said:

"Since the constitutional guaranties relating to jury trial are merely restrictive, the Legislature may provide for jury trial in cases where it could not otherwise be claimed as a constitutional right."

This could not be done if the Constitution fixed the precise line of demarcation between the judicial power of the judge and judicial power of the jury; and we need not say that, if there was such constitutional demarcation, a verdict invading the province of the judge would be absolutely void and could not serve as a predicate for a judgment.

The following authorities will suffice to show that verdicts upon issues properly triable to the judge without a jury are not void and that judgments may be based thereon.

In 2 R. C. L. Appeal and Error, sec. 62, p. 86, it is said:

"A party cannot for the first time on appeal object that the court erred in submitting particular questions to the jury. Thus the fact that a question of law was submitted to the jury for its decision cannot be raised for the first time on appeal."

In 3 Corpus Juris, Appeal and Error, sec. 817, p. 917, it is said:

"As a rule proper exceptions must be saved to entitle a party to complain on appeal of alleged errors in submitting or in refusing or failing to submit the case or particular questions or issues therein to the jury."

In Von Berg v. Goodman, 85 Ark. 605, 109 S. W. 1006, it is held:

"It was not reversible error to submit to the jury the question as to the existence of grounds of attachment, though the better practice is for the court to determine this issue."

Also see Shrewsbury v. Pearson, 1, 2 S. C. L. R. (1 McCord 331) 208; Weston v. Jones, 41 Fla. 188, 25 South. 888.

These authorities clearly show that, in respect to such issues of fact as this, there is no want of judicial power in the jury to determine the same, although it is properly determinable by the judge without a jury.

If defendant had not waived his right and had objected to the submission of that issue

to the jury, it would seem that such a submission to the jury for a general verdict, instead of merely for one or more special findings of fact as advisory to the judge, would constitute error which, if an examination of the entire record should show that it probably resulted in a miscarriage of justice or constituted a substantial violation of a constitutional or statutory right (section 6005, Rev. Laws 1910), would necessitate a reversal. Although not necessarily reversible error, it is error to so submit such an issue when it does not affirmatively appear that the judge treated the verdict as merely advisory and decided the issue according to his own opinion as to both the facts and the law. Apache State Bank v. Daniels, 32 Okla. 121, 121 Pac. 237, 40 L. R. A. (N. S.) 901, Ann. Cas. 1914A, 520.

Treating this as a jury case, as we must in view of its submission to the jury without objection, it does not appear that there is any reversible error in the above instruction that "a mortgage is a transfer or disposition within the meaning of the law"; that is, any error which has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right" within the meaning of section 6005, Rev. Laws 1910, as we shall now see.

In 2 R. C. L. Attachment, sec. 31, p. 824, in speaking of statutes authorizing attachments upon this ground, it is said:

"It may also be taken as settled that the application of the statute does not depend upon whether the debtor has disposed of the property by gift, sale, mortgage, or assignment, although the form of the conveyance may be an important consideration in determining whether it was made with fraudulent intent."

As supporting this statement, see Shellabarger v. Mottin, 47 Kan. 451, 28 Pac. 199, 27 Am. St. Rep. 306, and notes.

The only remaining questions presented by the defendant's assignments of error and argument in his brief so as to require a review and decision by this court, with our opinion upon each, may be stated as follows:

First. Does the affidavit for the attachment show "the nature of plaintiff's claim," so that it may be known from reading the same whether this is a civil action for the recovery of money within the meaning of section 4068, Stat. 1893 (section 4812, Rev. Laws 1910), in which an attachment may be had, or an action in which an attachment cannot be had, the allegation in that regard being as follows, to wit:

"That said plaintiff has commenced said action against said defendant for the recov-

ery of $322; that the defendant is indebted to said plaintiff in said sum; that said claim is just and due, and is wholly unpaid."

We think the description of it as an indebtedness that is just, due, and unpaid sufficiently shows, in the absence of anything to the contrary, that this is "a civil action for the recovery of money," within the meaning of section 4068, Stat. 1893 (section 4812, Rev. Laws 1910), in which attachment proceedings are permissible. Hendrickson v. Brown, 11 Okla. 41, 65 Pac. 935.

Second. Is the allegation, in the language of section 4069, Stat. 1890 (section 4813, Rev. Laws 1910), that the claim "is just," sufficient? We think this is clearly sufficient. Reyburn v. Brackett, 2 Kan. 227, 83 Am. Dec. 457; Robinson v. Burton, 5 Kan. 293 (176). And if there had been any such slight defect in the affidavit as that urged in the two respects above mentioned, the evidence upon the trial was ample to cure the same. Hodson v. Tootle, 28 Kan. 317 (227).

Third. Does the evidence reasonably tend to prove any one or more of the alleged grounds for the attachment, and thus sufficiently support the action of the trial court in overruling the motion to discharge? Upon this question the evidence is sufficient to support the decision in the trial court. It appears that the attached property is a stock of merchandise in a retail store in which the defendant had been in the ostensible possession and control of the business from its commencement about 14 months before the attachment, except that the business was carried on in a way in the name of his wife, who worked in the store some of the time, although he purchased goods for the store from a wholesale grocery concern in her name for a considerable time at first without disclosing the fact that it was not his own, as such concern thought; and the fact that the same was conducted in her name did not appear to be known to all customers residing in the vicinity of the store; that, notwithstanding his claim that his wife owned the same, he received no salary for his constant service in the conduct of the business, and he rendered the property for taxes in his own name; that, when asked by a customer who resided in the vicinity of the store a short time before the attachment about initials other than his own observed on a box in which merchandise had apparently been shipped to the store, he stated that they were those of his wife, and that he was conducting the business in her name on account of trouble he had gotten into by cutting govern-

ment timber, that a short time before the attachment he stated in response to an inquiry that he would sell the stock of merchandise without mentioning any want of ownership in himself, and that at some time before the attachment he had stated to a certain party that an outstanding mortgage he had given to another party, was "bogus."

The judgment of the trial court is affirmed.

All Justices concur, except TURNER, J., who concurs in conclusion, and KANE, J., who dissents.